James Earl **ALLEN, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–90–00977–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 12, 1992.

Bruno A. Shimek, Houston, for appellant.

Bill Turner, Dist. Atty., Douglas Howell, III, Asst. Dist. Atty., Houston, for appellee.

Before DUGGAN, MIRABEL and WILSON, JJ.

## OPINION

DUGGAN, Justice.

Following a bench trial, the trial court found appellant guilty of delivery of cocaine, found the allegations of the enhancement paragraph to be true, and assessed his punishment at 25 years confinement.

In a single point of error, appellant urges that the trial court erred (1) by requiring him to stand trial after rejecting a plea bargain agreement when he refused to admit guilt after a no contest plea, and (2) by assessing punishment greater than would have been incurred "had the original no contest plea been properly accepted."

Appellant and his trial counsel plea bargained with the Brazos County district attorney's office to dispose concurrently of the present case on a plea of no contest, and a felony theft case (cause number 19,-548–272) on a plea of guilty, with agreed punishment for the two cases to be recommended to the court at 15 years and 10 years, respectively.

At a hearing on August 30, 1990, the trial court admonished appellant, heard his pleas of guilty and no contest to the charges of theft and delivery of cocaine, respectively, and admitted into evidence his

written and signed pleas in the two cases. During his plea colloquy with the court, appellant testified that he did not remember committing the offense; that he knew Zell Woods, the individual named in the indictment as the person to whom he allegedly delivered the cocaine; and that he had never delivered cocaine to Woods at any time. As a result of appellant's answers to the judge's questions, the trial court rejected the plea bargain to the delivery of cocaine charge, and allowed appellant to withdraw his plea of no contest.[1]

At a bench trial on October 14, 1990, appellant again waived a jury and entered a plea of not guilty. The trial court heard the evidence (including appellant's testimony denying any drug sale), found him guilty, found the enhancement allegation in the indictment to be true, and assessed punishment at 25 years.

Appellant argues that the State provided sufficient evidence at the initial plea proceeding to support his conviction when the prosecutor introduced without objection appellant's signed stipulation and written judicial confession and that the trial court, by refusing to accept his plea of no contest with a written confession, violated his right to enter a no contest plea. Stated affirmatively, he asserts that "by requiring further evidence than the stipulation and judicial confession, the court was in essence voiding [appellant's] right to plead no contest in the case."

 The trial court is free in every case either to refuse to allow plea bargaining or to reject a particular plea bargain entered into by the State and defense. *State ex rel Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex.Crim.App.1983); *Morano v. State*, 572 S.W.2d 550, 551 (Tex.Crim. App.1978); *Mayfield v. Giblin*, 795 S.W.2d 852, 854 (Tex.App.—Beaumont 1990, no pet.). Article 26.13(a)(2) expressly requires the trial court to announce its acceptance or rejection of a plea bargain agreement before any finding on the plea, that is,

before a finding of guilt is entered. *Griffin v. State*, 703 S.W.2d 193, 195 (Tex.Crim. App.1986); Tex.Code Crim.P.Ann. 26.-13(a)(2) (Vernon 1989). If the trial court accepts the agreement and enters a finding of guilt, the court is bound to carry out the terms of the agreement. *Griffin*, 703 S.W.2d at 195. If the trial court rejects any such agreement, the defendant is entitled to withdraw his plea of guilty or nolo contendere. *Id.* The plain meaning and reasonable construction of this statute is that the trial court may reject a plea bargain agreement. *Mayfield*, 795 S.W.2d at 854. "In any case where evidence is introduced which fairly raises an issue as to the innocence of the accused *and is not withdrawn,* the defendant's guilty plea must be withdrawn and a plea of not guilty *must* be sua sponte entered by the court." *Griffin*, 703 S.W.2d at 195 (emphasis in original).

However, when the defendant himself produces the exculpatory evidence, he may withdraw the evidence and the court may still accept a plea of guilty upon the defendant's own volition. *Griffin*, 703 S.W.2d at 195. Here, appellant was given ample opportunity to withdraw his exculpatory testimony, but instead maintained his innocence of the offense, both in his initial plea colloquy with the court and later at his trial on his plea of not guilty.

The trial court correctly rejected the plea bargain and refused to accept appellant's plea of no contest, and properly entered the plea of not guilty in his behalf. Appellant's point of error is overruled.

The judgment is affirmed.

---

1. The court also offered to allow appellant to withdraw his plea of guilty in the theft case. Appellant declined to do so, but requested that sentencing in that case be postponed until after trial of the cocaine delivery case; the court agreed to do so. The trial court later accepted the agreed punishment recommendation for the theft case.