Michael Charles THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-94-00576-CR.

Court of Appeals of Texas,
San Antonio.

Aug. 21, 1996.

Rehearing Overruled Aug. 21, 1996.

Second Rehearing Overruled Oct. 3, 1996.

Laura Angelini, San Antonio, for appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., and
HARDBERGER and GREEN, JJ.

## OPINION

CHAPA, Chief Justice.

Appellant's Motion for Rehearing is denied. The opinion of this court issued July 3, 1996, is withdrawn, and this opinion is substituted therefor.

This is an appeal from a conviction for possession of cocaine. Pursuant to a plea agreement, appellant, Michael Charles Thomas, pled guilty to the second degree felony of possession of cocaine. The trial court placed appellant on ten years probation without adjudicating him guilty of the charged offense.

Appellant subsequently violated the terms of his probation and the State filed a motion to enter adjudication of guilt. Following a hearing on the State's motion, the court adjudicated appellant guilty of the original possession of cocaine offense and assessed punishment at ten years confinement in the Texas Department of Criminal Justice Institutional Division.

Appellant timely filed a general notice of appeal. He contends that he received ineffective assistance of counsel and that his plea was not entered voluntarily. We find that this court lacks jurisdiction to consider the merits of appellant's contentions under the mandates of TEX.R.APP. P. 40(b)(1).

■ Rule 40(b)(1) limits the issues that may be considered by the court in appeals following agreed pleas of guilty or nolo contendere. Rule 40(b)(1) provides, in relevant part:

... [I]f the judgment was rendered upon his plea of guilty or nolo contendere ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to the entry of the plea the notice shall state that the trial

court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP. P. 40(b)(1). Accordingly, a "defendant's 'general' notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea." *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *see also Davis v. State*, 870 S.W.2d 43, 46–47 (Tex.Crim.App. 1994).

■ The Texas Court of Criminal Appeals recently held that the restrictions placed upon appeals of plea bargained convictions by Rule 40(b)(1) are applicable to situations in which a defendant is placed on deferred adjudication pursuant to a plea agreement, even where the defendant is subsequently adjudicated guilty and sentence is imposed without a second plea agreement. *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App. 1996). As such, in order to appeal nonjurisdictional matters following the grant of deferred adjudication pursuant to a plea bargain and the subsequent adjudication of guilt, it is necessary to obtain the permission of the trial court. *Lyon*, 872 S.W.2d at 736.

■ In the present case, appellant has filed only a general notice of appeal with no indication that permission to appeal was obtained from the trial court. Such a notice limits this court's jurisdiction to jurisdictional issues. *See id.* None of appellant's points of error are jurisdictional in nature. *See Martinez v. State*, 907 S.W.2d 34, 36 (Tex.App.—San Antonio 1995, no pet.) (holding voluntariness of a negotiated plea is nonjurisdictional); *Robinson v. State*, 880 S.W.2d 193, 194 (Tex. App.—San Antonio 1994, no pet.)(noting ineffective assistance of counsel is not a jurisdictional issue). As such, we have no jurisdiction to consider the merits of appellant's appeal.

In his motion for rehearing, appellant contends that Rule 40(b)(1) cannot apply in this case because the punishment assessed exceeds the punishment recommended by the State. We find this argument unpersuasive.

The agreed punishment recommendation contained in the record indicates that the State recommended punishment to be set at five years imprisonment *and* that the State would "remain silent on appellant's deferred adjudication and recommend [*sic*] probation application." In order to abide by this recommendation, the trial court clearly had the discretion to either sentence appellant to five years incarceration *or* to award appellant deferred adjudication. What the prosecutor recommended and what appellant received was probation under a deferred adjudication order. There was no agreement as to what the punishment might be in the event that probation was later revoked and the trial court proceeded to adjudicate appellant guilty of the charged offense.

"When a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law." *Watson*, at 924 S.W.2d at 714. By placing appellant on deferred adjudication, the trial court's assessment of punishment did not exceed the prosecutor's recommendation. Appellant was sentenced to ten years incarceration *only* when his probation was revoked and the trial court adjudicated him guilty of the charged offense. This sentence is clearly within the range allowed by law. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 1992)(classifying possession of less than 28 grams of cocaine as a second degree felony); TEX. PENAL CODE ANN. § 12.33 (Vernon 1994)(setting range of punishment for second degree felonies between 2 and 20 years incarceration).

The appeal is dismissed for lack of jurisdiction.