Lemar ERVIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–96–00457–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 15, 1997.

Alex Hernandez, Law Offices of Calvert, Bannert & Hernandez, PLLC, James L. Rodriguez, San Antonio, for Appellant.

W.C. Kirkendall, Dist. Atty., Frank Follis, Asst. Dist. Atty., Sequin, for Appellee.

Before the court en banc.

## OPINION

RICKHOFF, Justice.

Lemar Ervin appeals from an order of the trial court sentencing him to twenty years' confinement for sexual assault. We reverse and remand.

### FACTS

Ervin was charged by indictment with sexual assault. He, his attorney, and the prosecutor signed a plea agreement providing that Ervin would plead guilty and the prosecutor would recommend as punishment a "10 year cap [and] $1000 fine if prison time probated." Pursuant to this agreement, Ervin pled guilty and the prosecutor recommended "a cap of ten years and, if [Ervin] is granted probation, a fine of $1000 and restitution, if any." On December 15, 1993, the trial court deferred the proceedings without entering an adjudication of guilt, placed Ervin on probation for ten years, and imposed a fine of $1000. *See* TEX.CODE CRIM. PROC. ANN. art.

42.12, § 5 (Vernon Supp.1997).[1] The State later filed a motion for revocation of probation and adjudication of guilt, alleging that Ervin violated several conditions of probation. Ervin pled true to the allegations in the State's motion.[2] On April 16, 1996, the trial court adjudicated him guilty and assessed punishment at twenty years' confinement.

#### DISCUSSION

In his sole point of error, Ervin asserts that the trial court violated his right to due process by assessing his punishment at twenty years' confinement. Ervin argues that the trial court was required either to impose no greater than a ten-year sentence, pursuant to the plea agreement, or to reject the plea agreement and allow him to withdraw his guilty plea. Before addressing this argument, we pause to consider whether we have jurisdiction over this appeal.

### 1. Appellate Jurisdiction

■ Rule 40(b)(1) of the Texas Rules of Appellate Procedure limits our jurisdiction over appeals from plea-bargained convictions. That rule provides, in part:

> [I]f the judgment was rendered upon [the defendant's] plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice [of appeal] shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX. R. APP. P. 40(b)(1). When a defendant is sentenced in accordance with a plea agreement and files a notice of appeal that does not contain the statements required by Rule 40(b)(1), we have jurisdiction to address only jurisdictional issues or the voluntariness of the defendant's plea. *See Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996); *Lyon v. State,* 872 S.W.2d 732, 736 (Tex. Crim.App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994).

Until recently, Rule 40(b)(1) imposed no limitation on the appeals of defendants who, like Ervin, were placed on deferred adjudication probation pursuant to a plea agreement. *See Ex parte Hernandez,* 705 S.W.2d 700, 702–03 (Tex.Crim.App.1986); *McLennan v. State,* 796 S.W.2d 324, 326 (Tex.App.—San Antonio 1990, pet. ref'd). In *Watson v. State,* however, the court of criminal appeals held that the limitations of Rule 40(b)(1) apply when a defendant is placed on deferred adjudication probation pursuant to a plea agreement, even when the defendant is subsequently adjudicated guilty and sentence is imposed without a second plea agreement. 924 S.W.2d 711, 714 (Tex.Crim.App.1996). But the court noted that under the express terms of Rule 40(b)(1), its limitations do not apply to any case in which "the punishment assessed ... exceed[s] the punishment recommended by the prosecutor and agreed to by the defendant and his attorney." TEX. R.APP. P. 40(b)(1); *see Watson,* 924 S.W.2d at 714.

Ervin's notice of appeal does not state that the trial court granted permission to appeal or that the issues raised on appeal were raised by written motion and ruled on before trial. He argues, however, that the punishment assessed after he was adjudicated guilty exceeds the punishment recommended in exchange for his guilty plea.

■ The prosecutor recommended as punishment a "10 year cap [and] $1000 fine if

---

1. This statute provides:
   [W]hen in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.
   TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a). The punishment authorized under this provision is commonly referred to as "deferred adjudication probation."

2. The conditions violated by Ervin included testing positive for cocaine, failing to report, failing to enroll in sex offender therapy, failing to pay his supervision fee and his fine, and failing to notify the probation department of changes in his employment and residency.

prison time probated." As the trial court acknowledged before placing Ervin on deferred adjudication probation, pursuant to this recommendation the court was "free to assess punishment within the range provided for this offense as long as [it] did not assess more than 10 years' confinement in the penitentiary.... In other words, [the court] could sentence [Ervin] anywhere from 2 years deferred up to 10 years in the penitentiary." Although the trial court initially placed Ervin on deferred adjudication probation, when it later revoked Ervin's probation and adjudicated him guilty, the court sentenced him to twenty years' imprisonment. Because this sentence exceeds the ten-year cap on punishment recommended by the prosecutor and agreed to by Ervin and his attorney, we have jurisdiction over Ervin's appeal.

We realize that this court recently held that it lacked jurisdiction under similar facts. *See Thomas v. State*, 929 S.W.2d 511 (Tex.App.—San Antonio 1996, pet. ref'd). In *Thomas*, the plea agreement provided that the State would recommend five years' imprisonment and would " 'remain silent on appellant's deferred adjudication and recommend [sic] probation application.' " *Id.* at 513. The trial court initially placed the appellant on ten years' deferred adjudication probation. Subsequently, the trial court revoked his probation, adjudicated him guilty, and sentenced him to ten years' imprisonment. We held that the punishment assessed upon conviction did not exceed the recommendation in the plea agreement. *Id.* at 512. Because the agreement provided that the prosecutor would both recommend five years' imprisonment and remain silent on deferred adjudication, the agreement contemplated that the appellant could be sentenced to five years' imprisonment or granted deferred adjudication. *Id.* at 513. Relying on *Watson*, we indicated that the trial court fully complied with the plea bargain by initially placing the appellant on deferred adjudication probation and that the plea bargain was no longer binding on the parties when the trial court revoked the appellant's probation and adjudicated him guilty. We emphasized that the appellant "was sentenced to ten years incarceration

*only* when his probation was revoked and the trial court adjudicated him guilty of the charged offense." *Id.*

We now recognize that our reliance on *Watson* was misplaced. In *Watson*, the appellant pled guilty in exchange for the prosecutor's recommendation that the trial court " 'defer further proceedings without entering an adjudication of guilt, and place [her] on probation.' " 924 S.W.2d at 712. Unlike the plea agreements in *Thomas* and in this case, the plea agreement in *Watson* contained no recommendation for a term of imprisonment. In accordance with the agreement, the trial court initially placed the appellant on deferred adjudication probation. When the trial court later revoked her probation and adjudicated her guilty, it sentenced her to ten years' confinement. *Id.* The court of criminal appeals held that the punishment assessed did not exceed the punishment recommended by the prosecutor. *Id.* at 714. The court explained:

> [W]e think it to be a reasonable interpretation of plea agreements such as the one involved here that, when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law. That is because *a defendant who trades a plea of guilty or nolo contendere for a recommendation by the prosecutor that a judgment of guilt be delayed while he serves a period of community supervision necessarily accepts, at least in the absence of some express agreement to the contrary, that the prosecutor is making no recommendation at all concerning the term of years he may be required to serve if his probation is later revoked and the trial court proceeds to adjudicate him guilty of the charged offense.*

In the instant cause, while it is true that the prosecutor did not recommend appellant be punished with ten years in the penitentiary should the trial court later enter a judgment of conviction in her case, the punishment of ten years actually as-

sessed against her when her probation was revoked did not amount to refusal by the trial judge to implement the plea bargain. What the prosecutor recommended, and what appellant did in fact receive, was probation under a deferred adjudication order. *Only if the prosecutor had also recommended that a period of incarceration less tha[n] ten years be imposed upon conviction could it reasonably be said that the ten-year term ultimately assessed in this case exceeded the punishment recommendation given in exchange for appellant's guilty plea.*

*Id.* at 714–15 (emphasis added).

As the emphasized language demonstrates, the term of imprisonment ultimately imposed against the appellant in *Watson* did not exceed the punishment recommended by the prosecutor simply because the prosecutor did not make a recommendation regarding a term of imprisonment. The appellant specifically bargained for deferred adjudication and did not secure a recommendation regarding punishment should she be convicted. In *Thomas,* as well as in the instant case, the appellant *did* secure a recommendation regarding the term of imprisonment to be imposed upon conviction and did not specifically bargain for deferred adjudication. The court ignored this critical factual distinction in *Thomas.* Accordingly, we disapprove of *Thomas* to the extent it is inconsistent with *Watson.*

## 2. Ervin's Point of Error

Ervin argues that the trial court was required either to sentence him to no greater than ten years' imprisonment, in accordance with the plea agreement, or to allow him to withdraw his plea. We agree.

Generally, when no plea bargain is involved, a sentence will not be disturbed on appeal if it is within the range of punishment set by the legislature for the offense. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex. Crim.App.1984); *West v. State,* 790 S.W.2d 3, 5 (Tex.App.—San Antonio 1989, pet. ref'd). When a defendant's deferred adjudication probation is revoked, "all proceedings, *including assessment of punishment,* pronouncement of sentence, granting of community supervision, and defendant's appeal *continue as if the adjudication of guilt had not been deferred.*" TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1997) (emphasis added). Therefore, a trial court generally may impose any sentence within the range of punishment allowed for the offense after revoking a defendant's deferred adjudication probation. *See McNew v. State,* 608 S.W.2d 166, 176–77 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh'g); *Weed v. State,* 891 S.W.2d 22, 24–25 (Tex.App.—Fort Worth 1995, no pet.).[3]

In this case, however, a plea agreement exists. When a plea agreement exists, the trial court must either follow the prosecutor's recommendation regarding punishment or allow the defendant to withdraw the plea. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon 1989);[4] *Allen v. State,* 827 S.W.2d 69, 70 (Tex.App.—Houston [1st Dist.] 1992, no pet.). Thus, in this case "if the adjudication of guilt had not been deferred," *see* art. 42.12, § 5(b), the trial court would have been required either to sentence Ervin to no more than ten years' confinement, pursuant to the plea agreement, or to allow Ervin to withdraw his plea under article 26.13(a)(2). Because the trial court did not follow this procedure before adjudicating Ervin guilty and imposing a twenty-year sentence, we remand

**3.** Ervin signed a written admonishment form explaining this general rule. Also, after the trial court placed him on deferred adjudication probation, the court orally informed Ervin that if he violated the terms of his probation, "it is possible in the proper circumstances that the maximum punishment in this case could be assessed."

**4.** Article 26.13(a)(2) provides:
Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of ... the fact that the recommendation of the prosecuting attorney as to punish-

ment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere....

this cause so that the proper procedure can be followed. *See Gibson v. State,* 803 S.W.2d 316, 318 (Tex.Crim.App.1991); *Contreras v. State,* 658 S.W.2d 334, 338 (Tex.App.—Austin 1983, no pet.).

The judgment of the trial court is reversed, and the cause is remanded for the trial court to sentence Ervin in accordance with the plea agreement or allow him to withdraw his plea.