TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00481-CR






William H. Roberts, III, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0945845, HONORABLE FRED A. MOORE, JUDGE PRESIDING






 In November 1994, appellant was indicted for aggravated sexual assault, aggravated
kidnaping, and aggravated robbery. See Tex. Penal Code Ann. §§ 20.04, 22.021, 29.03 (West 1994). 
Immediately prior to the voir dire examination of the jury panel, the appellant agreed to accept the State's
offer to dismiss the aggravated kidnaping and aggravated robbery charges and recommend a sentence of
twenty-five (25) years in exchange for an admission of guilt on the count of aggravated sexual assault. 
However, during the trial court's admonishments regarding the consequences of his guilty plea, the appellant
vacillated on his admission of guilt to aggravated sexual assault. The court therefore refused to accept the
plea bargain agreement and ordered a jury trial. After a trial on the merits, the appellant was found guilty
of both aggravated sexual assault and aggravated kidnaping and was assessed punishment of fifty years and
a $10,000 fine on each count. (1) Appellant appeals both his conviction and punishment. We will affirm the
judgment of the trial court.

 In his first two points of error, appellant argues that the trial court abused its discretion in
refusing to accept the plea bargain agreement. In particular, the appellant argues that because his admission
of guilt to the aggravated sexual assault offense was in accordance with the plea agreement, the trial court
had no legal justification to refuse to accept it. This argument fails for two reasons.

 First, it is well-established law that the trial court has absolute discretion in every case to
reject a plea bargain agreement entered into between the state and the defense. See State ex rel Bryan
v. McDonald, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983); Morano v. State, 572 S.W.2d 550, 551 (Tex.
Crim. App. 1978) (trial court serves as a check upon oppressive or unfair bargains or those not in public
interest); Allen v. State 827 S.W.2d 69, 70 (Tex. App.--Houston [1st Dist.] 1992, no pet.). Moreover,
because Texas Code of Criminal Procedure article 26.13 (a)(2) expressly requires the trial court to
announce its acceptance or rejection of a plea bargain agreement before a finding of guilt is entered, the
plain meaning and reasonable construction of this statute is that the trial court has unfettered authority to
reject a plea bargain agreement. See Allen, 827 S.W.2d at 70; Tex. Code Crim. Proc. Ann. art. 26.13
(West 1989).


 Second, the record shows that contrary to the plea bargain agreement, appellant vacillated
in his admission of guilt to the aggravated sexual assault offense. As such, the trial court was well within
its sound discretion to reject the plea bargain. See Allen, 827 S.W.2d at 70. For example, the following
exchange took place during the plea colloquy:


THE COURT: Now, to the charge of aggravated sexual assault, the first degree felony as
alleged in Count I of the indictment, you can plead guilty, not guilty, or no
contest. How do you want to plead, sir?


THE DEFENDANT: Guilty.


THE COURT: And are you pleading guilty to aggravated sexual assault because you are
guilty of aggravated sexual assault?


THE DEFENDANT: Yes, sir.


THE COURT: Has anybody forced you into pleading guilty?


THE DEFENDANT: No, sir.


THE COURT: I notice you're getting some help from Mr. Shelton over here.


MR. SHELTON [appellant's attorney]: This is your choice.


THE COURT: You got to answer the questions because he doesn't know the answers. 
He can give you some advice if you don't understand what I'm asking but
you got to do the answering. Are you guilty of aggravated sexual assault,
sir? You want to sit down, go ahead and sit down.


THE DEFENDANT: If I tell you I didn't do it.


MR. ERSKINE [the prosecutor]: Let's go to trial.


THE COURT: The gentleman said he did not do it. We're going to trial. I'm going
straight to voir dire, Mr. Shelton and Ms. Van Winkle.



(Emphasis added.)

 Furthermore, after the court changed its position and allowed appellant to continue his entry
of a plea of guilty, appellant again vacillated in his admission of guilt as evidenced by the following testimony
during an examination of appellant by the State:


Q. Are you the same William H. Roberts who on or about the 21st day of August
1994 in Travis County, Texas, you did then and there intentionally and knowingly
sexually assault C. Y. by causing his sexual organ to penetrate the female sexual
organ of C. Y., a person who was not your spouse, without C. Y.'s consent, and
you, William Roberts, did compel C. Y. to submit and participate by the use of
physical force and violence. Is that true?


A. Yes, sir.


Q. And are you guilty of that, sir?


A. Yes, sir.


Q. And also, Mr. Roberts, you also intentionally and knowingly by acts and words
placed C. Y. in fear that serious bodily injury would be imminently inflicted on her. 
Of course she did not agree and participate when you were sexually assaulting her. 
Is that correct, sir?


A. Yes, sir.


Q. And you also, Mr. Roberts, did then and there intentionally and knowingly by acts
and words towards C. Y. threaten to cause serious bodily injury to her if she did
not have sex with you. Is that correct?


A. Yes, sir.


Q. Is that correct?


A. Yes, sir.


* * *



Q. Did you force her to have sex with you?


A. No, sir.


 THE COURT: I refuse the bargain. I refuse the bargain. I suggest that you
withdraw your plea of guilty to aggravated sexual assault. Do you
wish to withdraw your plea?


 THE DEFENDANT:  Yes, sir.



(Emphasis added.)

 Therefore, because the trial court is always free to reject a plea bargain agreement and
because appellant vacillated in his admission of guilt to aggravated sexual assault, we hold that it was not
error for the trial court to refuse to accept the plea bargain agreement and overrule appellant's first and
second points of error.

 In his third point of error, appellant argues that the trial court erred in admitting evidence
of gang activity during the punishment phase of the trial. Specifically, appellant argues that the trial court
erred in allowing the State to introduce evidence concerning the criminal activity of a gang known as the
"Latin Kings" because the evidence was insufficient to prove that he was actually a member of that gang. (2) 

 Recently, the Texas Court of Criminal Appeals in Beasley v. State, 902 S.W.2d 452 (
Tex. Crim. App. 1995), established a four-part test which must be met before evidence regarding a gang
and its activities is admissible as character evidence during a punishment hearing. Specifically, the Court
held that it was not necessary to link the accused to the bad acts or misconduct generally engaged in by
gang members so long as the jury is (1) provided with evidence of the defendant's gang membership, (2)
provided with evidence of the character and reputation of the gang, (3) not required to determine if the
defendant committed the bad acts or misconduct, and (4) only asked to consider reputation or character
of the accused. Beasley, 902 S.W.2d at 457. As noted in appellant's point of error, the only disputed
issue is whether the State introduced sufficient evidence to prove that the appellant was in fact a member
of the "Latin Kings." (3)

 During the punishment phase of the trial, the State introduced several pieces of evidence
linking appellant to the "Latin Kings." First, there was testimony by appellant's co-defendant that appellant
was a member of the "Latin Kings." Second, the State introduced a photograph of appellant and his co-defendant making the hand sign of the "Latin Kings." Third, a police gang expert testified that police
department records listed appellant as a member of the "Latin Kings" In particular, appellant was listed
as a "Latin Kings" gang member on a computer program that the Austin Police Department uses to track
gang members. Gang members are identified and put into the system if they admit to being in a gang, hang
around gang areas, are arrested one or more times in the company of other gang members, or have "styles"
resembling a gang such as one's dress, tatoos, or speech. Fourth, there was evidence that appellant had
been previously stopped by the police for spreading "Latin Kings" graffiti on a wall. Finally, there was
evidence that appellant was shot by a rival gang and was taken to the hospital by other members of the
"Latin Kings" gang.

 Contrary to the State's evidence, however, appellant contends he was not a member of
the "Latin Kings." Appellant directs us to his mother's testimony in which she testified that appellant was
not in a gang. Appellant's mother further testified that she moved her family out of Austin prior to the
alleged offenses to escape the gang violence that was present in her neighborhood. Appellant also directs
our attention to testimony by a psychologist who evaluated appellant after the alleged offenses. The
psychologist testified that the shot wounding appellant by rival gang members was meant for appellant's
brother, who appellant concedes was a member of the "Latin Kings." Finally, appellant points out that
the "gang expert" relied on by the State had no personal knowledge of appellant's gang membership nor
appellant's residency when the offenses occurred.

 While the evidence regarding this issue is conflicting, it is sufficient to support appellant's
membership in the "Latin Kings." Therefore, we cannot say that the trial court under Beasley erred in
admitting evidence concerning the criminal activity of the "Latin Kings." We overrule appellant's third point
of error.


 Having overruled all of appellant's points of error we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 15, 1998

Do Not Publish
1. The jury found the appellant not guilty on the aggravated robbery count.
2. During the punishment hearing, the State called an Austin police officer familiar with gang activity in
Austin. The officer testified that the "Latin Kings" were involved in numerous criminal activities including:
selling dope, breaking into cars, stealing cars, shootings, assaults, rapes, robberies, and other criminal
activity.
3. Appellant concedes that if the evidence is sufficient to prove that appellant was a member of the
"Latin Kings" then evidence concerning the gang's criminal activity was properly admitted.



ity during the punishment phase of the trial. Specifically, appellant argues that the trial court
erred in allowing the State to introduce evidence concerning the criminal activity of a gang known as the
"Latin Kings" because the evidence was insufficient to prove that he was actually a member of that gang. (2) 

 Recently, the Texas Court of Criminal Appeals in Beasley v. State, 902 S.W.2d 452 (
Tex. Crim. App. 1995), established a four-part test which must be met before evidence regarding a gang
and its activities is admissible as character evidence during a punishment hearing. Specifically, the Court
held that it was not necessary to link the accused to the bad acts or misconduct generally engaged in by
gang members so long as the jury is (1) provided with evidence of the defendant's gang membership, (2)
provided with evidence of the character and reputation of the gang, (3) not required to determine if the
defendant committed the bad acts or misconduct, and (4) only asked to consider reputation or character
of the accused. Beasley, 902 S.W.2d at 457. As noted in appellant's point of error, the only disputed
issue is w