97-00420 Quaglia v State of Texas.wpd



No. 04-97-00420-CR



Todd Phillip QUAGLIA,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 92-CR-1858


Honorable Susan Reed, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


ON REMAND FROM THE COURT OF CRIMINAL APPEALS


Delivered and Filed: July 31, 2000


AFFIRMED


 The Court of Criminal Appeals granted the State's petition for discretionary review in this
cause and remanded the cause for further consideration. In our first consideration of this cause, we
reversed and remanded the judgment of the trial court based on our decision in Ervin v. State, 955
S.W.2d 416 (Tex. App.-San Antonio 1997), rev'd Ditto v State, 988 S.W.2d 236 (Tex. Crim. App.
1999). In Ervin, we determined that when a defendant pleads guilty pursuant to a plea bargain
agreement that caps punishment, and is placed on deferred adjudication probation, the trial court
must either follow the prosecutor's recommendation on punishment upon revocation or allow the
defendant to withdraw his plea. See Ervin, 955 S.W.2d at 419. Following Ervin, we reversed the
trial court's judgment because the trial judge sentenced Quaglia to ten years in prison upon
revocation of his deferred adjudication probation even though Quaglia's plea bargain agreement
capped punishment at five years. See Quaglia v. State, No. 04-97-00420-CR, 1998 WL 224731
(Tex. App.-San Antonio 1998), remanded No. 950-98, slip op. at 2 (Tex. Crim. App. Apr. 28, 1999).

 Since that time, the Court of Criminal Appeals reversed Ervin, reasoning that "a plea
agreement in which the State makes no recommendation on probation or does not address it at all,
but sets a cap on punishment, is satisfied when the trial court assesses as punishment deferred
adjudication probation within the terms of the cap." Ditto v. State, 988 S.W.2d 236, 239 (Tex. Crim.
App. 1999). The Court further indicated that the "[i]mposition of a higher sentence is not precluded
upon preceding to adjudication due to a violation of the terms of deferred adjudication probation
since the bargain was satisfied and completed by previous assessment of the deferred adjudication."
Ditto, 988 S.W.2d at 239-40. This is exactly what happened in the instant case.

 In Quaglia's plea agreement, the State agreed to a five-year cap on punishment and agreed
to remain silent on Quaglia's application for deferred probation. After accepting Quaglia's plea, the
trial judge deferred adjudication and placed Quaglia on probation. As a result, the trial judge did not
err upon revocation of Quaglia's probation when she sentenced Quaglia to ten years in prison. See
Ditto, 988 S.W.2d at 239.

 Because we relied on our original opinion in Ervin for first consideration of this appeal, we
never reached Quaglia's pro se issues. In his original brief, Quaglia complained that the trial judge
did not continue him on probation, and that when the trial judge asked if there was any reason a
sentence could not be imposed, his attorney responded only "no."(1) Quaglia, however, pled "true"
to the State's allegation that he violated the terms of his probation by using cocaine. A plea of
"true" to an allegation that a probationer violated the terms of his probation is sufficient to support
revocation. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). The record does not reflect
any reason sentence should not have been imposed at that time. As a result, we overrule Quaglia's
issues on appeal and affirm the judgment of the trial court.

 Alma L. López, Justice

DO NOT PUBLISH


1. Quaglia also filed a pro se brief on remand. Therein, Quaglia complained that the petition for discretionary
review (PDR) in this cause was illegally granted. The PDR was granted in accordance with the rules of appellate
procedure. No reason exists to address this issue on remand of this cause.