NO. 07-03-0421-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 7, 2004

_____

MONTY JOE KUYKENDALL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 6212; HON. STEVEN R. EMMERT, PRESIDING

_____

Before JOHNSON, C.J. and QUINN and REAVIS, JJ.

Appellant Monty Joe Kuykendall appeals his conviction for delivering a controlled substance, *i.e.* methamphetamine. Through four issues, he contends that 1) the trial court erred by refusing to follow the plea bargain after accepting it, 2) his conviction by a jury violated constitutional and statutory provisions against double jeopardy, 3) the trial court's purported involvement in plea negotiations violated due process and fundamental fairness, and 4) the trial court erred during the punishment phase by failing to instruct the jury that it must find, beyond reasonable doubt, that he committed any extraneous offense before

it could consider the offense for purposes of punishment. We affirm the judgment of the trial court.

### *Issue One – Failure to Abide by Plea Bargain*

The first issue we address is that involving the trial court's purported refusal to follow a plea bargain after accepting the bargain. We overrule the issue.

The record indicates that appellant and the State entered into a plea bargain. At the hearing that followed, appellant pled guilty. In response, the trial judge said: "Okay. The Court will accept and enter of record your plea of guilty." Evidence of appellant's guilt was then presented. Thereafter the trial court stated:

> Okay. Mr. Kuykendall, I'm not going to approve the plea bargain agreement. I will allow you to withdraw your plea of guilty and I will enter a not guilty pleafor you. And any statement, or admissions, or confessions that you made in this hearing will not be admissible against you for any reason in any subsequent hearing in this trial. . . .

This, according to appellant, evinced the trial court's refusal to abide by a plea agreement that it previously accepted. He is mistaken in concluding that the agreement was accepted.

It is true that the trial court must inform the accused of its intent to accept or reject the plea bargain before adjudicating a defendant's guilt. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (Vernon Supp. 2004) (stating that if an agreement exists, "the court shall inform the defendant whether it will follow or reject [it] . . . in open court and before any finding on the plea"); *see also Allen v. State,* 827 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (holding that the trial court must announce its acceptance or rejection of a plea bargain agreement before any finding of guilt is entered). Yet, accepting appellant's plea of guilty does not alone mean that it also accepted the plea bargain. In that circumstance,

2

the plea itself is conditionally accepted, while the plea agreement is not. *Ortiz v. State,* 933 S.W.2d 102, 104 (Tex. Crim. App. 1996). Moreover, nothing else uttered by the trial court at the hearing evinced an intent to be bound by the agreement. Consequently, the record before us does not illustrate that the trial court refused to follow a plea bargain that it accepted.

### Issue Two - Double Jeopardy

Appellant's second issue is dependent upon our sustaining his first. That is, he claims his right to avoid being twice placed in jeopardy was violated because the trial court originally accepted the plea agreement but nonetheless bound him over for trial on the merits. Overruling the first issue has rendered the second moot. So we overrule it as well.

### Issue Three - Judicial Involvement in Plea Negotiations

Appellant next contends that the trial court improperly participated in plea negotiations. This occurred when it refused to accept the bargain after appellant refused to disclose the identity of the person from whom he bought the methamphetamine. We overrule the issue.

At the conclusion of appellant's testimony during the plea hearing, the following exchange occurred:

COURT: Where did you get the meth, Mr. Kuykendall?

DEFENDANT: Just what I acquired off the street.

COURT: That large a quantity?

DEFENDANT: Yeah.

COURT: Did you buy a little bit here and there, or did you buy it from somebody in particular?

DEFENDANT: Just, here and there, I guess.

COURT: You guess? I mean, I don't know. I'm asking you.

DEFENDANT: I'm not going to tell you where I was getting it.

COURT: Okay. You can return to your seat.
Is there a PSI in this case?

After a probation officer answered the trial court's last question in the negative, it rejected the bargain.

Authority holds that a trial court should not participate in plea bargain discussions until an agreement has been reached between the prosecutor and the defendant. *State ex rel. Bryan v. McDonald,* 662 S.W.2d 5, 8-9 (Tex. Crim. App. 1983); *Maya v. State,* 932 S.W.2d 633, 637 n.7 (Tex. App.—Houston [14th Dist.] 1996, no pet.). In this instance, the plea bargain had been agreed upon by the parties and announced to the court. It was only after the terms of the agreement had been announced and the evidence of appellant's guilt presented that the trial court propounded the questions mentioned above. Furthermore, nothing of record reveals the specific reasons upon which it relied in determining to reject the bargain. Whether it was because appellant refused to disclose his sources is mere speculation; indeed, the timing between the questions and the court's decision could well be mere coincidence. Nor does the record illustrate that the trial court informed appellant or anyone else that it made its acceptance or rejection of the plea bargain contingent upon appellant providing the requested information. *See Papillion v. State,* 908 S.W.2d 621, 624 (Tex. App.—Beaumont 1995, no pet.) (holding that the court exceeded its authority by inserting additional, non-negotiated terms into the plea bargain and then making acceptance or rejection of the plea bargain contingent on compliance with those terms).

4

Given that the trial court has the discretion to accept or reject a plea bargain, *Ortiz v. State,* 885 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1994),*aff'd,* 933 S.W.2d 102 (Tex. 1996); *Allen v. State,* 827 S.W.2d at 70, and the record contains little if any evidence suggesting that it intended or attempted to make disclosure of another's identity a condition of the agreement, the appellant failed to establish his claim on appeal.

### *Jury Instruction*

In his final issue, appellant complains about the trial court's failure to submit an instruction to the jury. The instruction involved the jury's need to first determine whether he committed (beyond reasonable doubt) the extraneous offenses attributed to him during the punishment phase of the trial before those offenses could be weighed in setting punishment. We overrule the issue.

The State concedes error even though no one solicited the instruction. *See Huizar v. State,* 12 S.W.3d 479, 483 (Tex. Crim. App. 2000) (holding that the instruction is "law applicable to the case" which the defendant is not required to object to or request in order for the trial court to instruct the jury). Nevertheless, it argues that the error was harmless. We agree.

Authority requires us to review potential harm under the standard announced in *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim. App. 1985). *Ellison v. State,* 86 S.W.3d 226, 228 (Tex. Crim. App. 2002); *Huizar v. State,* 12 S.W.3d at 484. So, to be reversible, the error must be egregious, *i.e.* it must have the effect of denying appellant a fair and impartial trial. *Almanza v. State,* 686 S.W.2d at 171. And, in determining whether it is of that ilk, we consider such indicia as the entire jury charge, the state and quantum of

5

evidence evincing guilt, the argument of counsel, and any other relevant information appearing of record. *Id.*

As a repeat offender, the punishment range for appellant was 15 years to 99 years or life imprisonment with a maximum fine of $10,000. The jury assessed his punishment at 99 years with a $10,000 fine. So, the sentence fell within the range permitted by statute, and the assessment of 99 years alone does not itself show harm. *See Huizar v. State,* 29 S.W.3d 249, 251 (Tex. App.—San Antonio 2000, pet. ref'd).

Furthermore, two of the three extraneous offenses offered at the punishment phase reflected two other drug transactions involving the same undercover officer who bought drugs from appellant as part of the crime for which appellant was indicted. The evidence of those offenses consisted not only of the officer's own testimony but also of tape recordings and written transcripts capturing the dialogue uttered during the actual transactions. Moreover, that the transactions occurred was relatively undisputed. In other words, appellant did not contest the fact that he engaged in those sales but rather questioned whether the State established the requisite chain of custody *viz* one packet of drugs. Yet, appellant does not attack the trial court's resolution of that question (chain of custody) on appeal.

Next, the missing instruction about which appellant complains was actually included in the charge, but it referenced the third extraneous offense, *i.e.* the one contained in the enhancement paragraph of the indictment. In other words, the trial court told the jury it had to determine beyond reasonable doubt whether appellant had been previously convicted of the crime alleged in the indictment before it could consider it while deliberating punishment. So, while the instruction did not expressly encompass the unindicted

6

extraneous offenses it did address the extraneous offense for which appellant had already been tried and convicted. And, we have no basis upon which to conclude that the jury ignored the instruction when it came to considering the unindicted offenses. *See Miranda v. State,* 993 S.W.2d 323, 332 (Tex. App.—Austin 1999, no pet.) (holding that there was no evidence that the jury did not follow, during the punishment phase, the instruction on extraneous offenses given during the guilt/innocence phase).

In view of the large and rather undisputed quantum of evidence establishing his guilt for the extraneous offenses, the evidence that the instruction was given the jury in reference to an extraneous offense for which appellant had already been convicted, the evidence that appellant had already been convicted of another offense, and that the range of punishment fell within the range allowed by statute, we cannot say that the error at issue deprived appellant of a fair and impartial trial. Simply put, it was not egregious.

Accordingly, the judgment is affirmed.


Brian Quinn
Justice


Do not publish.