NO. 07-06-0176-CR


 07-06-0177-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 11, 2006


______________________________



ALEISTER CARLTON BULL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 36932-B, 36933-B; HONORABLE JOHN B. BOARD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Aleister Carlton Bull, acting pro se, has appealed his conviction and
sentence. A copy of a notice of appeal was filed with this Court on May 1, 2006. The
clerk's record and reporter's record have not been filed. Pending before this Court is a
request from the appellant requesting the Court to appoint an attorney to represent him. 
In the interest of judicial efficiency we abate this appeal and remand the cause to the trial
court to conduct a hearing and determine whether appellant is indigent and entitled to
appointment of counsel. 

 Should the trial court determine that appellant is indigent, then the trial court shall
take such measures as may be necessary to assure appellant effective assistance of
counsel, including the appointment of counsel. If counsel is appointed, the name, address,
telephone number, and state bar number of said counsel shall be included in the order
appointing counsel. Finally, the trial court shall execute findings of fact, conclusions of law,
and such orders as the court may enter regarding the aforementioned issues and cause
its findings and conclusions to be included in a supplemental clerk's record to be filed in
this court no later than Monday, June 12, 2006. 


 Per Curiam

Do not publish.





he plea bargain agreement. 
I will allow you to withdraw your plea of guilty and I will enter a not guilty
pleafor you. And any statement, or admissions, or confessions that you
made in this hearing will not be admissible against you for any reason in any
subsequent hearing in this trial. . . . 

This, according to appellant, evinced the trial court's refusal to abide by a plea agreement
that it previously accepted. He is mistaken in concluding that the agreement was
accepted. 

 It is true that the trial court must inform the accused of its intent to accept or reject
the plea bargain before adjudicating a defendant's guilt. Tex. Code Crim. Proc. Ann. art.
26.13(a)(2) (Vernon Supp. 2004) (stating that if an agreement exists, "the court shall inform
the defendant whether it will follow or reject [it] . . . in open court and before any finding on
the plea"); see also Allen v. State, 827 S.W.2d 69, 70 (Tex. App.--Houston [1st Dist.] 1992,
no pet.) (holding that the trial court must announce its acceptance or rejection of a plea
bargain agreement before any finding of guilt is entered). Yet, accepting appellant's plea
of guilty does not alone mean that it also accepted the plea bargain. In that circumstance,
the plea itself is conditionally accepted, while the plea agreement is not. Ortiz v. State, 933
S.W.2d 102, 104 (Tex. Crim. App. 1996). Moreover, nothing else uttered by the trial court
at the hearing evinced an intent to be bound by the agreement. Consequently, the record
before us does not illustrate that the trial court refused to follow a plea bargain that it
accepted. 

Issue Two - Double Jeopardy


 Appellant's second issue is dependent upon our sustaining his first. That is, he
claims his right to avoid being twice placed in jeopardy was violated because the trial court
originally accepted the plea agreement but nonetheless bound him over for trial on the
merits. Overruling the first issue has rendered the second moot. So we overrule it as well.

Issue Three - Judicial Involvement in Plea Negotiations


 Appellant next contends that the trial court improperly participated in plea
negotiations. This occurred when it refused to accept the bargain after appellant refused
to disclose the identity of the person from whom he bought the methamphetamine. We
overrule the issue.

 At the conclusion of appellant's testimony during the plea hearing, the following
exchange occurred:

 COURT: Where did you get the meth, Mr. Kuykendall?

 

 DEFENDANT: Just what I acquired off the street.


 COURT: That large a quantity?


 DEFENDANT: Yeah.


 COURT: Did you buy a little bit here and there, or did you buy it from
somebody in particular?


 DEFENDANT: Just, here and there, I guess.


 COURT: You guess? I mean, I don't know. I'm asking you.


 DEFENDANT: I'm not going to tell you where I was getting it.


 COURT: Okay. You can return to your seat.

 Is there a PSI in this case?


After a probation officer answered the trial court's last question in the negative, it rejected
the bargain. 

 Authority holds that a trial court should not participate in plea bargain discussions
until an agreement has been reached between the prosecutor and the defendant. State
ex rel. Bryan v. McDonald, 662 S.W.2d 5, 8-9 (Tex. Crim. App. 1983); Maya v. State, 932
S.W.2d 633, 637 n.7 (Tex. App.--Houston [14th Dist.] 1996, no pet.). In this instance, the
plea bargain had been agreed upon by the parties and announced to the court. It was only
after the terms of the agreement had been announced and the evidence of appellant's guilt
presented that the trial court propounded the questions mentioned above. Furthermore,
nothing of record reveals the specific reasons upon which it relied in determining to reject
the bargain. Whether it was because appellant refused to disclose his sources is mere
speculation; indeed, the timing between the questions and the court's decision could well
be mere coincidence. Nor does the record illustrate that the trial court informed appellant
or anyone else that it made its acceptance or rejection of the plea bargain contingent upon
appellant providing the requested information. See Papillion v. State, 908 S.W.2d 621,
624 (Tex. App.--Beaumont 1995, no pet.) (holding that the court exceeded its authority by
inserting additional, non-negotiated terms into the plea bargain and then making
acceptance or rejection of the plea bargain contingent on compliance with those terms). 
Given that the trial court has the discretion to accept or reject a plea bargain, Ortiz v. State,
885 S.W.2d 271, 273 (Tex. App.--Corpus Christi 1994),aff'd, 933 S.W.2d 102 (Tex. 1996);
Allen v. State, 827 S.W.2d at 70, and the record contains little if any evidence suggesting
that it intended or attempted to make disclosure of another's identity a condition of the
agreement, the appellant failed to establish his claim on appeal. 

Jury Instruction


 In his final issue, appellant complains about the trial court's failure to submit an
instruction to the jury. The instruction involved the jury's need to first determine whether
he committed (beyond reasonable doubt) the extraneous offenses attributed to him during
the punishment phase of the trial before those offenses could be weighed in setting
punishment. We overrule the issue.

 The State concedes error even though no one solicited the instruction. See Huizar
v. State, 12 S.W.3d 479, 483 (Tex. Crim. App. 2000) (holding that the instruction is "law
applicable to the case" which the defendant is not required to object to or request in order
for the trial court to instruct the jury). Nevertheless, it argues that the error was harmless. 
We agree. 

 Authority requires us to review potential harm under the standard announced in
Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985). Ellison v. State, 86 S.W.3d
226, 228 (Tex. Crim. App. 2002); Huizar v. State, 12 S.W.3d at 484. So, to be reversible,
the error must be egregious, i.e. it must have the effect of denying appellant a fair and
impartial trial. Almanza v. State, 686 S.W.2d at 171. And, in determining whether it is of
that ilk, we consider such indicia as the entire jury charge, the state and quantum of
evidence evincing guilt, the argument of counsel, and any other relevant information
appearing of record. Id. 

 As a repeat offender, the punishment range for appellant was 15 years to 99 years
or life imprisonment with a maximum fine of $10,000. The jury assessed his punishment
at 99 years with a $10,000 fine. So, the sentence fell within the range permitted by statute,
and the assessment of 99 years alone does not itself show harm. See Huizar v. State, 29
S.W.3d 249, 251 (Tex. App.--San Antonio 2000, pet. ref'd). 

 Furthermore, two of the three extraneous offenses offered at the punishment phase
reflected two other drug transactions involving the same undercover officer who bought
drugs from appellant as part of the crime for which appellant was indicted. The evidence
of those offenses consisted not only of the officer's own testimony but also of tape
recordings and written transcripts capturing the dialogue uttered during the actual
transactions. Moreover, that the transactions occurred was relatively undisputed. In other
words, appellant did not contest the fact that he engaged in those sales but rather
questioned whether the State established the requisite chain of custody viz one packet of
drugs. Yet, appellant does not attack the trial court's resolution of that question (chain of
custody) on appeal.

 Next, the missing instruction about which appellant complains was actually included
in the charge, but it referenced the third extraneous offense, i.e. the one contained in the 
enhancement paragraph of the indictment. In other words, the trial court told the jury it had
to determine beyond reasonable doubt whether appellant had been previously convicted
of the crime alleged in the indictment before it could consider it while deliberating
punishment. So, while the instruction did not expressly encompass the unindicted
extraneous offenses it did address the extraneous offense for which appellant had already
been tried and convicted. And, we have no basis upon which to conclude that the jury
ignored the instruction when it came to considering the unindicted offenses. See Miranda
v. State, 993 S.W.2d 323, 332 (Tex. App.--Austin 1999, no pet.) (holding that there was
no evidence that the jury did not follow, during the punishment phase, the instruction on
extraneous offenses given during the guilt/innocence phase). 

 In view of the large and rather undisputed quantum of evidence establishing his guilt
for the extraneous offenses, the evidence that the instruction was given the jury in
reference to an extraneous offense for which appellant had already been convicted, the
evidence that appellant had already been convicted of another offense, and that the range
of punishment fell within the range allowed by statute, we cannot say that the error at issue
deprived appellant of a fair and impartial trial. Simply put, it was not egregious. Accordingly, the judgment is affirmed.


 Brian Quinn

 Justice

 

Do not publish.