

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00078-CR

_____

ARTHUR SHANTEL PHEA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-17-26312

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

In this case, Arthur Shantel Phea appeals the trial court's order adjudicating him guilty of the first-degree-felony offense of aggravated kidnapping and sentencing him to imprisonment for a period of ten years and one day. On appeal, he claims that the trial court (1) improperly prohibited the State from filing a motion to dismiss the motion to revoke his community supervision, (2) improperly intervened in the plea negotiation process, and (3) failed to consider the entire range of punishment. We affirm the trial court's judgment and sentence.

## I. Factual Background

In September 2017, Phea pled guilty to one count of aggravated kidnapping and one count of aggravated assault with a deadly weapon. Pursuant to the parties' plea agreement, the trial court deferred adjudication and placed Phea on community supervision for a term of seven years in both cases. Subsequently, on January 1, 2020, Phea was arrested for the offense of driving while intoxicated (DWI) in Fannin County. Accordingly, the State filed a "Motion to Proceed With an Adjudication of Guilt" requesting the trial court to revoke Phea's community supervision and to adjudicate him guilty in both cases.[1] In both of its motions to revoke, the State alleged that Phea had violated the terms and conditions of his community supervision by (1) committing the offense of DWI, (2) by committing the offense of driving with a suspended license, and (3) by failing to abstain from consuming alcoholic beverages.

---

[1]The present case involves the revocation of Phea's community supervision and adjudication of guilt in the case involving the offense of aggravated kidnapping. Phea also appeals the revocation of his community supervision and adjudication of guilt in the case involving the offense of aggravated assault with a deadly weapon, which we address in our opinion of this date under cause number 06-20-00079-CR.

On February 14, 2020, the trial court held a status hearing on the State's motions to revoke community supervision. The trial court announced on the record that it would not accept the parties' agreement regarding modification of the terms and conditions of community supervision. Rather, the trial court stated that it would "expect a contested hearing." The trial court noted that Phea was on community supervision for serious felony offenses and that "the parties [were] going to bring the facts, with the seriousness of the underlying offenses[,] and [that] the [proposed] modification [was] for intensive outpatient [treatment]." The trial court continued, "You know, you're saying [Phea] wasn't even intoxicated . . . . So, I mean, the parties are just going to have to have the matter on a contested docket. The Court's not going to modify a person with these types of offenses . . . ."

On May 7, 2020, the State filed a motion to withdraw its motion to adjudicate in both cases on the basis that the terms and conditions of Phea's community supervision had been modified. Nevertheless, it does not appear that the motions to dismiss were ruled upon, and on May 22, 2020, the trial court held a contested hearing on the State's motions to revoke Phea's community supervision and adjudicate him guilty. After hearing the evidence and arguments of the parties, the trial court revoked Phea's community supervision in both cases, adjudicated him guilty of the offenses of aggravated kidnapping and aggravated assault with a deadly weapon, and sentenced him to serve ten years' and one day imprisonment in each case, with the sentences to run concurrently. Phea subsequently filed his notice of appeal in this case.

## II.  The Trial Court Did Not Prevent the State from Filing a Motion to Dismiss the Motion to Adjudicate

In his first point of error, Phea argues that the trial court erred in refusing to permit the State to file a motion to dismiss the motion to adjudicate in this case.  Phea alleges in his brief on appeal that the parties had an agreement on February 14, 2020, whereby the State would dismiss the pending motion to adjudicate and modify the terms and conditions of his community supervision to allow him to enter outpatient treatment.  Yet, the record affirmatively shows that the State filed a "MOTION TO WITHDRAW – MOTION TO ADJUDICATE COMMUNITY SUPERVISION" on May 7, 2020, and, in that motion, the State "respectfully request[ed] the Court to dismiss the Motion to Adjudicate Community Supervision dated January 6, 2020, . . . pending in the above entitled and numbered cause . . . ."  Accordingly, the trial court did not prevent the State from filing such a motion.  We overrule Phea's first point of error.

## III.  The Trial Court Did Not Interject Itself into the Plea Negotiations

Phea next complains that, by informing the parties it was not inclined to accept the parties' negotiated agreement, the trial court interjected itself into the plea negotiations.  Phea points to the trial court's comments at the February 14 hearing that it "was not inclined to accept the agreement of the parties."  Based on this language, Phea argues, "In this instance the court instructed both Appellant and State [sic], that it would not accept any plea offer and that the matter must be set for a contested hearing."  We disagree.

To begin with, we find nothing in this language that could be understood to preclude the parties from discussing other negotiated resolutions to the motion to adjudicate.  The trial court merely said that it was not inclined to accept "**the** agreement of the parties."  (Emphasis added.)

4

Nothing in this language can be interpreted to go beyond a mere rejection of the proposed agreement currently before the trial court. Accordingly, the trial court's statement was consistent with the law governing the trial court's power to accept or reject proposed plea agreements.

In *Moore v. State*, the Texas Court of Criminal Appeals held,

> The only proper role of the trial court in the plea-bargain process is advising the defendant whether it will "follow or reject" the bargain between the state and the defendant. TEX. CODE CRIM. PROC. art. 26.13(a)(2) ("the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea."). If the trial court accepts a plea-bargain agreement, the state may not withdraw its offer. *Bitterman v. State*, 180 S.W.3d 139, 142 (Tex. Crim. App. 2005) (citing *Ortiz v. State*, 933 S.W.2d 102 (Tex. Crim. App. 1996)). If the trial court rejects the plea-bargain agreement, the defendant is, as a matter of right, allowed to withdraw his guilty plea, and the state may then withdraw its offer. TEX. CODE CRIM. PROC. art. 26.13(a)(2) ("Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere.").

*Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009). Here, the trial court merely informed Phea that it was rejecting the parties' agreement. Accordingly, the trial court did not err in making this statement.

Furthermore, the trial court's statement that it would reject any modification in a case of this nature does not constitute improper participation in plea negotiations; rather, it is consistent with the law holding that "a trial judge may in every case or in any particular case refuse to allow plea bargaining and he may refuse to allow the prosecutor to offer recommendations concerning the punishment to be assessed[, and t]he defendant does not have an absolute right to enter into a plea bargain." *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. [Panel Op.] 1978). In fact, a court has discretion to reject *all* plea agreements. *Id.* ("In Bell County, in most cases the

5

judges do not allow plea bargaining; this is announced and provided for in the local rules. The appellant and his attorney were aware of these rules before the plea of guilty was entered."). And finally, our sister courts of appeals have noted that a trial judge particularly has discretion to reject a plea-bargain agreement where the defendant "vacillated in his admission of guilt . . . ." *Roberts v. State*, 1998 WL 10276, at *2 (Tex. App.—Austin 1998, pet. ref'd) (citing *Allen v. State*, 827 S.W.2d 69, 70 (Tex. App.—Houston [12th Dist.] 1992, no pet.)). Here, the trial court specifically noted that Phea was vacillating in his plea of true to the allegations of the motion to adjudicate: "You know, you're saying [Phea] wasn't even intoxicated." Consequently, the trial court did not improperly interject itself into the plea-negotiation process.

We overrule Phea's second point of error.

## IV. There Is No Evidence Showing that the Trial Court Failed to Consider the Full Range of Punishment

In his third point of error, Phea claims that the trial court did not consider the entire range of punishment when it sentenced him. Phea directs us to the following statement by the trial court at sentencing:

> A different judge had originally placed you on probation sitting for this Court. We had the status hearing. This Court made clear at the status hearing what was expected. When people have these kind of serious charges in this county, they have to understand that they have got to toe the mark. I cannot have people not following the mark with these serious charges.

He further argues that these statements, combined with the trial court's rejection of his plea offer and the court's "eliminat[ion]" of "other plea negotiations shows [the trial court] could not and would not consider the full range of punishment." While it is true that a trial court denies a defendant his or her right to due process when it refuses to consider the full range of punishment,

*see McLenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004) (orig. proceeding), we do not find that the trial court did so in this case.

In this case, the trial court placed Phea on deferred adjudication community supervision. As a result, upon a finding that he had violated any term or condition of his supervision, he was subject to receiving a sentence anywhere within the entire range of punishment. *See Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). The offense of aggravated kidnapping is a first-degree-felony offense that carries a punishment range of not less than five years and not more than ninety-nine years or life in prison and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.32. Therefore, upon a finding that he had violated any term or condition of his supervision, Phea was subject to receiving a sentence anywhere from five to ninety-nine years or life imprisonment and a fine of up to $10,000.00.

Nevertheless, after hearing the evidence and considering the arguments of counsel, the trial court sentenced Phea to ten years' and one day imprisonment, which is in the lower end of the applicable punishment range for the offense in this case. Moreover, in cases where the appellate courts have found that a trial court failed to consider the full range of punishment, the trial court announced upon placing the defendant on community supervision that, if it ever revoked that supervision, the trial court would assess the maximum sentence, and then did so. Here, the trial court made no such prior statement, and it did not impose anything close to a maximum sentence. Rather, the trial court in this case merely stated that it had high expectations for the performance of defendants who received deferred adjudication for serious offenses, and

7

after considering the evidence at the sentencing hearing, stated that the sentence was based on the seriousness of the offenses involved. Accordingly, we overrule Phea's third point of error.

## V. Conclusion

For the foregoing reasons, we deny Phea's points of error and affirm the trial court's judgment and sentence.

Ralph K. Burgess
Justice

Date Submitted:    December 9, 2020
Date Decided:    March 2, 2021

Do Not Publish