Noble Charles **GINTHER, Jr.,**
Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0838–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 9, 1986.

Rehearing Denied Feb. 6, 1986.

William W. Burge, Houston, for appellant.

Charles D. Houston, Austin County Dist. Atty., Bellville, for appellee.

Before DUNN, WARREN and SAM BASS, JJ.

## OPINION

DUNN, Justice.

The appellant was charged by indictment with the knowing and intentional possession of methamphetamine, a controlled substance under Tex.Rev.Civ.Stat.Ann. art. 4476–15 sec. 2.04(d)(2) (Vernon 1976). A jury found him guilty as charged and assessed punishment at a $5,000 fine and five years confinement, probated.

The only evidence of the events surrounding the alleged offense was the conflicting testimony of the arresting officer and the appellant. The officer testified that on August 26, 1983, he saw the appellant leaning into a pickup truck parked on the side of IH–10 in Austin County. He observed rows of a white powder substance on a sheet of paper lying on the passenger seat of the truck and concluded that appellant was prepared to ingest the powder through his nasal cavity. Expert analysis later showed the powder to be methamphetamine. The appellant testified that he had stopped on the shoulder of the highway to urinate, that he suffered from a kidney problem, and that there had been no narcotic substance on a sheet of paper in his truck.

In his first ground of error, the appellant claims that the trial court committed reversible error in excluding testimony that tended to support the defensive theory that the appellant had been "framed." As he points out, there was no direct evidence, other than the appellant's own testimony, that the arresting officer either "planted" the drug, or was otherwise involved in a conspiracy to "frame" the appellant.

The appellant offered circumstantial evidence to show that he was arrested in retaliation for his participation in a successful and well-publicized lawsuit against officials of the City of Houston, but this testimony was excluded at a pretrial hearing. In that lawsuit, the appellant alleged that certain properties, which were subject to taxation, were being systematically omitted from the tax rolls, possibly in exchange for political favors. This lawsuit resulted in millions of dollars in additional tax money being owed by certain parties.

The trial court excluded the following testimony on the ground that it was irrelevant to the instant offense:

(1) Edward Subcliffe, a former tax appraiser for the City of Houston, would have testified that he gave information to the appellant regarding the above-mentioned lawsuit, that he was fired as a result of these activities, that his car windows were smashed and that he suffered harassing phone calls. Subcliffe also stated that he had expressed his concern to the appellant for the latter's well-being following the lawsuit.

(2) Daniel Doyle, a private investigator, would have testified that he searched the appellant's house in February of 1984 and discovered electronic listening devices.

(3) Carroll Lynn, a former Chief of Police for the City of Houston, would have testified that the appellant had visited him while he was in prison and that they had discussed possible problems that the appellant might have as a result of the lawsuit against the City of Houston. Lynn also testified that the appellant's offer of employment to Lynn following his release from prison might have triggered the appellant's present arrest.

Out of the jury's presence, the appellant testified that on the morning of August 26, 1983, the date he was arrested, he received a phone call from C. Leon Pickett, who told the appellant that he had been trying to reach him for several days to tell him to be careful because he "might have problems." Pickett, who was dying of cancer, made a written, notarized statement on January 23, 1984, which the appellant attempted to introduce into evidence. The trial court sustained the State's objection that the statement constituted inadmissible hearsay. In summary, Pickett's statement asserted that on August 23, 1983, he had been informed of a plot "to dispose of the problem of Noble Ginther" while the appellant was on a trip outside of the county, and that Pickett finally reached the appellant before he left town on August 26, 1983, and warned him of the plot. Patti Williams, the appellant's secretary, who testified at the bill of exceptions hearing, said that Pickett died on March 18, 1984, several months before trial of this cause, and that she was familiar with the statement and its contents. Williams also testified that she was present in the appellant's office when electronic listening devices were discovered in his office telephones.

The appellant argues that this defensive testimony tends to establish that his arrest in Austin County was the result of a conspiracy to "frame" him in retaliation for the lawsuit against officials of the City of Houston.

 This court recognizes the fundamental right of an accused to present witnesses in his defense. *Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972). Further, we support the principle that the hearsay rule should be given a flexible application, where to do otherwise would deprive the accused of a fair trial. *See Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973). The Court of Criminal Appeals has reaffirmed the principle that a defendant has a right to present his defensive theory. *Coleman v. State,* 545 S.W.2d 831 (Tex. Crim.App.1977). Also, in the presentation of a defendant's defensive theory, where his case is dependent upon circumstantial evidence for proof, as in conspiracy cases, the rules of evidence will not be so stringently applied as to exclude evidence that sheds light on the occurrence. *Bailey v. State,* 532 S.W.2d 316, 319 (Tex.Crim.App. 1975). We find that these rules apply equally to *defensive* testimony involving a conspiracy. However, in considering the relevancy of testimony in the development of the defensive theory, it is essential that the testimony link the conspirators to the acts of conspiracy.

██ In *Coleman,* the defensive testimony linked certain individuals, by competent evidence, to the arrest of the defendant. This has not been accomplished in this case. The excluded testimony establishes no link directly, or by inference, between any specific conspirators and the appellant's arrest.

The appellant indicated that he suspected that certain unnamed individuals sought revenge against him because of a lawsuit in Houston. However, the defensive testimony wholly failed to link these individuals with the appellant's arrest in Austin county.

The excluded testimony of the witness Subcliffe was of a general nature, concerning things that had happened to him because of his *own* involvement in the lawsuit and expressing his concern for the appellant. Subcliffe did not tie this concern to any specific person who might be involved in a conspiracy to frame the appellant. Likewise, the excluded testimony of Doyle concerned electronic listening devices found in the appellant's home in February 1984, six months following the instant offense, and did not connect the listening devices to any individual. Carroll Lynn's excluded testimony was very general, concerned "possible problems" that the appellant might have because of the lawsuit, but gave no specific names of persons that could be connected by inference, or otherwise, to the arrest of the appellant. The sworn statement of the deceased witness Pickett, without considering its hearsay problem, spoke only of an "informer," did not identify the informer, and failed to connect the informer with specific individuals, or with the appellant's arrest.

We find that a jury could not have reasonably concluded that the individuals named in the tax suit conspired to "frame" the appellant, considering the nature of the excluded testimony of Subcliffe, Doyle, and Lynn, which consisted only of general theories. Such testimony was correctly excluded as irrelevant.

Appellant's first ground of error is overruled.

██ In his second ground of error, the appellant contends that the trial judge's refusal to recuse himself constituted reversible error. This contention is based upon the judge's critical public statements regarding the reversal of numerous narcotics convictions by the Court of Criminal Appeals and upon an ex parte conversation between the trial judge and the prosecutors in this case. During this conversation, the trial judge advised the prosecutors concerning the multiple filing of cases and the subsequent problems with the Speedy Trial Act.

The appellant correctly asserts that bias may be a legal disqualification if it is shown to be of such a nature and to such an extent as to deny a defendant due process of law. *McClenan v. State,* 661 S.W.2d 108, 109 (Tex.Crim.App.1983). However, it is apparent from the record in this case that the judge's comments were "docket-oriented," rather than prejudicial to the appellant. We find that neither the trial judge's criticism of decisions of the Court of Criminal Appeals, nor his comments to the prosecutors, prevented him from presiding fairly and impartially over the appellant's trial.

The appellant's second ground of error is overruled.

■ The appellant's third ground of error argues that the evidence is insufficient to show that he was intentionally or knowingly in possession of a controlled substance.

When the accused is charged with unlawful possession of a dangerous drug or narcotic, the State must prove that he exercised care, control, and management over the substance, and that he knew that what he possessed was contraband. *Payne v. State,* 480 S.W.2d 732, 734 (Tex.Crim.App. 1972).

In the present case, the appellant was observed leaning into the passenger door of a parked truck. No one else was present. On the seat in front of him was a white powder, which tests later showed to be methamphetamine, laid out in rows on a sheet of paper.

We find that there was sufficient evidence to show that the appellant was in possession of the substance, and that he was aware the substance was contraband. His third ground of error is overruled.

In his fourth and fifth grounds of error, the appellant complains that the trial court committed reversible error in refusing to allow the jury to view an in-court demonstration by a fingerprint expert and in refusing to admit a videotape re-enactment of the appellant's arrest.

The appellant presented expert evidence showing that his fingerprints were not found on the sheet of paper that contained the methamphetamine, and wished to further demonstrate that fingerprints would be recoverable from a similar sheet of paper. The excluded videotape would have demonstrated that the events surrounding the arrest could not have occurred as the officer testified, because closing the passenger door would have caused the powder and paper to blow onto the floor of the truck.

■ Our review of the trial court's admission or exclusion of experiments is limited to whether the court abused its discretion. However, such discretion does not extend to an absolute degree. When the facts presented *affirmatively* show that the proposed experiment was conducted under substantially similar conditions, the court abuses its discretion in excluding the evidence. *See Ginther v. State,* 672 S.W.2d 475, 477 (Tex.Crim.App.1984) (emphasis in original).

■ We find that the trial court did not abuse its discretion in excluding the in-court fingerprint demonstration, because the appellant failed to show that the conditions under which it was conducted were substantially similar to the event to which the results related. The sheet of paper that contained the methamphetamine had been seized by the arresting officer approximately six months before, and it had been folded and handled by several other individuals besides the appellant. A sheet of paper, handled only by the appellant and immediately dusted for fingerprints, does not meet the "similar conditions" standard. The appellant was attempting to stress the fact that his fingerprints did *not* appear on the paper that contained the methamphetamine, and this point was adequately emphasized by his own expert witness.

■ Likewise, the videotape re-enactment was not affirmatively shown to have

been conducted under sufficiently similar conditions. At trial, the arresting officer testified that the appellant backed out of the truck, and closed the passenger door. The officer also stated that the window on the driver's side of the truck was rolled up. In offering the videotaped reenactment, the appellant did not establish the position of the driver's side window. We find that the appellant failed to show that the experiment was conducted under substantially similar conditions. Because the crucial element to be shown by the experiment was the effect of air disturbance, as caused by a closing door, on the white powder and paper—the facts must also affirmatively show that the powder and paper could not have been moved by other air disturbance, as caused by an open window. The record indicates that this was not accomplished, and we find that the trial court did not abuse its discretion in refusing to admit the videotaped re-enactment.

We overrule the appellant's fourth and fifth grounds of error.

■ The appellant's final ground of error avers that the trial court committed reversible error by admitting evidence obtained from an unlawful search and seizure. The appellant contends that the officer had no probable cause to arrest him, after observing him standing outside a vehicle that had a paper on the seat with rows of powder on it, because the officer "did not observe anything intrinsically incriminating."

We disagree, and hold that the facts available to the arresting officer were sufficient for a man of reasonable caution to believe that the white powder was contraband. *See Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 500 (1983) (in which a search under similar circumstances was held not to violate the defendant's fourth amendment rights). We overrule the appellant's final ground of error.

The judgment of the trial court is affirmed.