Marlin **BRUNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–97–00868–CR.

Court of Appeals of Texas, San Antonio.

April 7, 1999.

Deborah Stanton Burke, San Antonio, for appellant.

Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice and KAREN ANGELINI, Justice.

## RECONSIDERATION ON PETITION FOR DISCRETIONARY REVIEW

Opinion by: KAREN ANGELINI, Justice.

Our opinion and judgment of February 10, 1999 are withdrawn, and the following

opinion and judgment are substituted. In our February 10, 1999 opinion, we reversed and remanded the judgment to the court to either sentence Brunson in accordance with the plea agreement or allow him to withdraw his guilty plea. In light of the Court of Criminal Appeals holding in *Ditto v. State,* we affirm the judgment of the trial court. *See Ditto, Ervin v. State,* 988 S.W.2d 236 (Tex.Crim.App. 1999).[2]

Marlin Brunson plead guilty to the offense of delivery of cocaine. In exchange for Brunson's guilty plea, the State recommended that punishment be assessed at six years confinement and remained silent on Brunson's application for deferred adjudication. The court announced that it would follow the plea agreement, deferred adjudication of guilt, and placed Brunson on deferred adjudication probation for eight years. Subsequently, the State filed a motion to adjudicate guilt and to revoke probation because Brunson had committed the offense of murder. The court adjudicated Brunson guilty and assessed punishment at fifty years confinement in the Texas Department of Criminal Justice, Institutional Division.

In his first issue, Brunson alleges that we have jurisdiction over the case. In his second and third issues, Brunson argues that the court erred by failing to properly admonish him. In his fourth issue, Brunson urges that the court failed to sentence him in accordance with the plea agreement. In his fifth issue, Brunson alleges that the court failed to conduct a sentencing hearing before imposing punishment. In his sixth issue, Brunson urges that his plea was involuntary.

## Jurisdiction

Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure limits our jurisdiction over appeals from plea bargained convictions.[3] The rule provides, in part:

if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(b)(3)(A)-(C).

■ Rule 25.2(b)(3) applies to an appeal from a judgment revoking deferred adjudication and adjudicating guilt. *Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App. 1996) (applying former rule 40(b)(1) to appeals from revocation of deferred adjudication). In his first issue, Brunson alleges that we have jurisdiction because the punishment assessed exceeded the punishment recommended by the prosecutor. Brunson argues in his fourth issue that the court did not follow the plea agreement because the court gave him eight years deferred adjudication probation instead of six years. However, the prosecutor made no recommendation as to the number of years Brunson might be placed on deferred adjudication probation. Further, the plea agreement stated that the conditions and length of probation or deferred adjudication were solely within the discretion of the court. The plea agreement also stated that any difference in terms or conditions of deferred adjudication were not grounds to set aside the guilty plea. Thus, the trial court did not fail to follow the plea agree-

---

**2.** The Court of Criminal Appeals consolidated *Ditto* and *Ervin* because *Ditto* was based on the holding in *Ervin.* *See Ditto v. State,* No. 04–95–00957–CR, slip op. at 5, 1997 WL 634512 (Tex.App.—San Antonio Oct.15, 1997) (not designated for publication); *Ervin v.* *State,* 955 S.W.2d 416, 418 (Tex.App.—San Antonio 1997), *rev'd sub nom. Ditto v. State,* 988 S.W.2d at 236 (Tex.Crim.App. 1999).

**3.** Former rule 40(b)(1).

ment by placing Brunson on deferred adjudication probation for eight years.

■ In our prior opinion, we found that we had jurisdiction over Brunson's appeal because the fifty years the trial court assessed after the adjudication of guilt exceeded the six years recommended by the prosecutor in exchange for Brunson's guilty plea. *See Ervin v. State,* 955 S.W.2d 416, 418 (Tex.App.—San Antonio 1997) (finding jurisdiction where sentence imposed after adjudication of guilt exceeded punishment recommended by prosecutor), *rev'd sub nom. Ditto v. State,* 988 S.W.2d at 236 (Tex.Crim.App. 1999). We also held that the trial court failed to follow the plea agreement by sentencing Brunson to fifty years and reversed and remanded to the trial court to either sentence Brunson in accordance with the plea agreement or allow him to withdraw his guilty plea. *See id.* However, the Court of Criminal Appeals has held that imposition of a higher sentence after adjudication does not exceed the recommendation of the prosecutor because the plea bargain was satisfied and completed by the previous assessment of deferred adjudication probation. *Ditto,* 988 S.W.2d at 240. Thus, Brunson was punished in accordance with the plea agreement when he received deferred adjudication probation and the court did not fail to follow the plea agreement. Therefore, we overrule Brunson's fourth issue.

■ Because the punishment assessed did not exceed the punishment recommended by the prosecutor, Rule 25.2(b)(3) limits our jurisdiction over this appeal. If the notice of appeal does not comply with rule 25.2(b)(3) and thus is only a general notice of appeal, we can only address jurisdictional defects or the voluntariness of a defendant's guilty plea. *See Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App. 1996). Although Brunson's amended notice of appeal specifies that the trial court granted permission to appeal, Brunson admits in his brief that the record does not support this assertion. Brunson does not appeal from any pre-trial motions. Thus,

we can only address jurisdictional defects or the voluntariness of his guilty plea.

■ In his second and third issues, Brunson argues that the court erred in failing to properly admonish him pursuant to articles 26.13 and 42.12 section five of the Code of Criminal Procedure. However, we have no jurisdiction to address these issues because they are not jurisdictional defects and the court did not give permission to appeal these issues. *See Moss v. State,* 938 S.W.2d 186, 189–90 (Tex.App.—Austin 1997, pet. ref'd) (failure to admonish pursuant to article 42.12 not a jurisdictional defect); *Tillman v. State,* 919 S.W.2d 836, 839 (Tex.App.—Fort Worth 1996, pet. ref'd) (failure to admonish under articles 26.13 and 42.12 not jurisdictional defects). Accordingly, we dismiss Brunson's second and third issues for want of jurisdiction.

### Voluntariness

■ In his sixth issue, however, Brunson argues that his plea was involuntary due to the lack of proper admonishments under articles 26.13 and 42.12 of the Code of Criminal Procedure. The voluntariness of a plea can be addressed through a general notice of appeal. *See Flowers,* 935 S.W.2d at 134. In considering the voluntariness of a plea, we consider the totality of the circumstances. *See Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). When the record reflects that the court properly admonished the defendant, a prima facie showing is made that the plea was entered voluntarily. *Rodriguez v. State,* 933 S.W.2d 702, 705 (Tex.App.—San Antonio 1996, pet. ref'd). The burden then shifts to the defendant to prove that he did not understand the consequences of his plea. *Id.* at 706.

■ Brunson contends that the court failed to admonish him that if the court should reject the plea agreement, he could withdraw his guilty plea and that he could only appeal matters raised by written pre-

trial motions. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a)(2)-(3) (Vernon 1989). Brunson also alleges that the court failed to admonish him as to the consequences of a violation of deferred adjudication. *Id.* art. 42.12 § 5(b) (Vernon Supp.1999). The record, however, shows that Brunson signed the court's written admonishments which contained the statutory language of articles 26.13 and 42.12 section 5. Thus, because the court properly admonished Brunson, a prima face showing is made that the plea was entered voluntarily. There is no evidence in the record, such as testimony at a hearing on a motion for new trial, to show that Brunson did not understand the consequences of his plea. Therefore, Brunson has not met his burden of proving his plea was involuntary. We overrule Brunson's sixth issue.

## Sentencing

 In his fifth issue, Brunson alleges that the court erred in failing to conduct a sentencing hearing after entering an adjudication of guilt. A defendant is entitled to a punishment hearing to present evidence after an adjudication of guilt. *See Issa v. State,* 826 S.W.2d 159, 161 (Tex. Crim.App.1992). In *Issa,* the record reflected that the trial court, in one proclamation, adjudicated guilt and sentenced the defendant. *Id.* The court found that the defendant had no opportunity to object and, therefore, preserved error by motion for new trial. *Id.*

In our case, the court adjudicated Brunson guilty and asked if there was any argument as to punishment. Both the State and defense counsel made arguments concerning the proper sentence. Therefore, the court did conduct a sentencing hearing before assessing punishment. But Brunson appears to argue that he was not allowed to present evidence at the punishment hearing. However, counsel made no objection on that basis and clearly had opportunity to do so because the court did

not adjudicate guilt and assess punishment in one proclamation as in *Issa.* Further, Brunson did not complain about the lack of opportunity to present evidence concerning punishment in his motion for new trial.[4] Therefore, Brunson has failed to preserve this issue for appellate review. *Id.* (finding failure to hold sentencing hearing preserved by objection or by timely motion for new trial). We overrule Brunson's fifth issue.

Accordingly, we affirm the judgment.

---

4. We note that Brunson filed a motion for new trial and an amended motion for new trial. However, neither motion contained the allegation that the court erred in failing to have a separate punishment hearing or prevented him from presenting evidence.