99-310 Stewart v State of Texas.wpd



No. 04-99-00310-CR


Eddie STEWART,


Appellant


v.


STATE of Texas,


Appellee


From the 186th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CR-3653


Honorable Sam Katz, Judge Presiding(1)


Opinion by: Phil Hardberger, Chief Justice

Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice

Delivered and Filed: January 5, 2000

DISMISSED FOR LACK OF JURISDICTION

 Eddie Stewart ("Stewart") appeals the trial court's entry of judgment. In a sole point of
error, he asserts that the trial court erred in denying his motion for recusal. We dismiss his appeal
for a lack of jurisdiction.

Background

 Stewart pled nolo contendre under a plea agreement to a charge of aggravated sexual assault.
Consistent with the recommendations of the State in the agreement, the trial court accepted
Stewart's plea and placed him on deferred adjudication community supervision for eight years.

 The State filed a motion to enter adjudication and revoke Stewart's community supervision.
During the pendency of the adjudication/revocation hearing, Stewart filed a motion to disqualify the
Honorable Sam Katz on the basis of Judge Katz's alleged bias against Stewart. The court referred
the motion to the Administrative Judge, who in turn assigned the matter for hearing before the
Honorable Pat Priest. Following an evidentiary hearing, Judge Priest denied Stewart's motion. The
Honorable Sam Katz subsequently entered adjudication against Stewart, revoked his community
supervision, assessed a $1000 fine against him, and sentenced him to ten years confinement in the
Institutional Division of the Texas Department of Criminal Justice. Discussion

1. Compliance with Texas Rule of Appellate Procedure 25.2(b)(3)

 Because Stewart is appealing from a plea of nolo contendre, we must consider first whether
Stewart has complied with Texas Rule of Appellate Procedure 25.2(b)(3). Rule 25.2(b)(3) states:

 [I]f the appeal is from a judgment rendered on the defendant's plea of...nolo
contendere...and the punishment assessed did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant, the notice [of
appeal] must:

 (A) specify that the appeal is for a jurisdictional defect;

 (B) specify that the substance of the appeal was raised by written motion
and ruled on before trial; or

 (C) state that the trial court granted permission to appeal.

Tex. R. App. P. 25.2(b)(3). We have stated that "Rule 25.2(b)(3) applies to an appeal from a
judgment revoking deferred adjudication and adjudicating guilt." Brunson v. State, 995 S.W.2d 709,
711 (Tex. App.-San Antonio 1999, no pet.) (citing Watson v. State, 924 S.W.2d 711, 714 (Tex.
Crim. App.1996)). The alleged error complained of by Stewart occurred during the adjudication
phase of his case. See Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).

 Stewart's notice of appeal does not comply with Rule 25.2(b)(3) because he does not specify
any of the items required under the rule. Because we then construe his notice as a general notice
of appeal, we are limited to the types of complaints we may consider. As we stated in Brunson, "If
the notice of appeal does not comply with Rule 25.2(b)(3) and thus is only a general notice of
appeal, we can only address jurisdictional defects or the voluntariness of a defendant's guilty plea."
Id. at 712.; see generally Martinez v. State, No. 04-99-00020-CR, 1999 WL 623726 (Tex. App.-San
Antonio Aug. 18, 1999, no pet.). Stewart's notice of appeal does not raise the issue of the
voluntariness of his nolo contendre plea. We turn to whether he raises a jurisdictional defect for our
consideration.

2. No Jurisdictional Defect Raised

 Stewart alleges the trial judge who entered adjudication and revoked his community
supervision was biased against him. Mere allegations of bias to not comprise a jurisdictional issue
for our consideration. See Cantu v. State, 802 S.W.2d 349, 350 (Tex. App.-San Antonio 1990, pet.
ref'd) (regarding a trial judge's failure to recuse himself as not being a jurisdictional defect); cf.
Lyon v. State, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994) (construing the issue of a judge's
alleged constitutional and statutory disqualification as jurisdictional). Because Stewart does not
raise a jurisdictional defect for our consideration, we do not have jurisdiction to hear his appeal.

 If Stewart's allegations of bias rose to the level where the trial judge's failure to recuse
himself amounted to a denial of the due process of law, we would have jurisdiction to hear his
appeal. Such a level of bias could amount to a constitutional disqualification. See Jennings v.
Garner, 721 S.W.2d 445, 446 & n.3 (Tex. App.-Tyler 1986, no pet.); see also McClenan v. State,
661 S.W.2d 108, 109 (Tex. Crim. App. 1983) (limiting "the use of bias as a ground for
disqualification to those cases in which the bias is shown to be of such a nature and to such an
extent as to deny a defendant due process of law"). Stewart's allegations of bias do not rise to the
level of constitutional proportions.

 In McClenan, the Texas Court of Criminal Appeals considered whether the trial court's
refusal to consider community supervision, if certain facts were proved, amounted to bias. See
McClenan, 661 S.W.2d at 110. The McClenan court stated that because this refusal was not
arbitrary, the record did not reflect a level of bias that constituted a denial of due process. See id.
In order for bias to form the basis for disqualifying a judge, it "must stem from an extrajudicial
source and result in an opinion on the merits on some basis other than what the judge learned from
his participation in the case." Kemp v. State 846 S.W.2d 289, 306 (Tex. Crim. App. 1992) (citing
United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).

 In the present case, Stewart asserts that the trial judge was biased because he 1) set a large
bond and 2) commented to the media that he had a six year-old daughter.(2) An earlier ruling, in
which the trial judge set a large bond, does not cloud the presumption of the trial judge's
impartiality. See Kemp, 846 S.W.2d at 306. The size of Stewart's bond does not reveal "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United
States, 510 U.S. 540, 555 (1994). 

 The trial judge's comment to the media in the present case is not evidence of bias. See
Ginther v. State, 706 S.W.2d 115, 118-19 (Tex. App.-Houston [1st Dist.] 1986, pet ref'd)
(explaining that a trial judge's criticism of the Court of Criminal Appeals for reversing narcotics
cases that originated in his court, as well as ex parte conversations with the prosecutor in the case
"concerning the multiple filing of cases and the subsequent problems with the Speedy Trial Act,"
did not amount to judicial bias); Chastain v. State, 667 S.W.2d 791, 794 (Tex. App.-Houston [14th
Dist.] 1983, pet. ref'd) (stating that the trial judge's statements on a talk show, which advocated
more frequent use of the death penalty in order for it to be an effective deterrent, did not reveal
evidence of judicial bias). 

Conclusion

 We conclude that the trial judge's actions complained of by Stewart do not show that he was
unable to preside fairly and impartially over Stewart's adjudication/revocation hearing. We dismiss
Stewart's appeal for a lack of jurisdiction.


 PHIL HARDBERGER

 CHIEF JUSTICE


DO NOT PUBLISH


1. The alleged error stems from the hearing in which the Honorable Pat Priest declined Stewart's motion to recuse
the Honorable Sam Katz.
2. Stewart's victim was a twelve year-old girl.