Ramon **HERRERA**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 04–98–00352–CR.

Court of Appeals of Texas, San Antonio.

Jan. 26, 2000.

Lacey Ann Mullowney, Ballard & Mullowney, P.C., San Antonio, for Appellant.

Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, CATHERINE STONE, Justice.

## OPINION

CATHERINE STONE, Justice.

On April 28, 1999, the Texas Court of Criminal Appeals granted the State's petition for discretionary review and remanded the case so that this Court might reconsider appellant's contentions in light of the recent decisions in *Ditto* and *Ervin*. *See Ditto v. State*, 988 S.W.2d 236 (Tex.Crim. App.1999) (consolidated with *Ervin v. State*). We withdraw our opinion and judgment of October 28, 1998, and affirm in part and dismiss for lack of jurisdiction in part.

### FACTUAL AND PROCEDURAL HISTORY

On July 13, 1992, Herrera pled guilty to the offense of delivery of heroin. In exchange for his guilty plea, the State recommended punishment at ten years confinement and a fine of $1,500.00, and agreed to remain silent on Herrera's application for deferred adjudication. The trial court accepted Herrera's guilty plea, deferred adjudicating him, and placed him on deferred adjudication probation for ten years. Later, the trial court revoked Herrera's probation, adjudicated him guilty, and sentenced him to twenty years in prison.

### ARGUMENTS ON APPEAL

■ Herrera challenges his conviction in two points of error. First, he argues that the trial court erred in imposing a sentence that exceeds the terms of his plea-bargain agreement. He asserts that under his agreement, the trial court could not impose a sentence greater than ten years. *See Ervin v. State*, 955 S.W.2d 416, 419 (Tex.App.-San Antonio 1997) (when defendant pleads guilty pursuant to plea agreement, and is placed on deferred adjudication probation, the trial court must either sentence in accordance with plea agreement or allow defendant to withdraw plea in event his probation revoked), *rev'd sub nom. Ditto v. State*, 988 S.W.2d at 236.[1] Herrera's argument fails in light of the Court of Criminal Appeals' recent holding in *Ditto*. In *Ditto*, the Court of Criminal Appeals determined that a plea agreement in which the State makes no recommendation on probation or does not address it at all, but sets a cap on punishment, is satisfied when the trial court assesses as punishment deferred adjudication probation within the terms of the cap. *Ditto*, 988 S.W.2d at 239. Imposition of a higher sentence is not precluded upon proceeding to adjudication due to a violation of the terms of deferred adjudication probation since the bargain was satisfied and completed by previous assessment of the deferred adjudication probation. *Id.* at 239–40. Because Herrera was placed on deferred adjudication probation within the terms of the cap, he was punished in accordance with the plea agreement and the trial court did not fail to follow the plea agreement. *See Brunson v. State*, 995

---

1. We have the jurisdiction to consider a challenge that the sentence imposed after adjudication of guilt exceeds the punishment recommended by the prosecutor. *See Ervin*, 955 S.W.2d at 418.

S.W.2d 709, 712 (Tex.App.-San Antonio 1999, no pet.). Furthermore, we note that upon revocation the trial court imposed sentence within the relevant statutory limit. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.106(a), 481.112(a),(b) (Vernon 1992). Point of error number one is overruled.

 By way of his second point of error, Herrera complains that the trial court erred in failing to consider several post-judgment motions. By way of his third point of error presented as his sole point of error on remand, Herrera complains that the trial court relied upon an erroneous "repeater" paragraph in the original indictment when sentencing him.[2] Pursuant to Rule 25.2(b)(3), we lack jurisdiction to consider these complaints. *See* TEX.R.APP. P. 25.2(b)(3); *Brunson*, 995 S.W.2d at 711 (Rule 25.2(b)(3) applies to appeal from judgment revoking deferred adjudication probation and adjudicating guilt). When, as in the instant case, a defendant is appealing from a judgment rendered on a plea of guilty and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, our jurisdiction is limited to jurisdictional issues, issues raised by written motion and ruled on before trial, and issues that the trial court granted permission to appeal. *See id.* These complaints involve neither jurisdictional issues, *see Martinez v. State*, 5 S.W.3d 722, 725–26 (Tex.App.-San Antonio 1999, no pet.) (explaining that jurisdiction is power of court over "subject matter" of case, conveyed by statute or constitutional provision, coupled with "personal" jurisdiction over accused, which is invoked in felony prosecutions by filing of sufficient indictment or information if indictment is waived, and once trial court's jurisdiction over subject matter and parties is properly invoked, trial court's actions may be erroneous, but they are not void in jurisdictional sense), nor issues raised by written motion and ruled on before trial. Accord-

ingly, we dismiss points of error two and three for lack of jurisdiction.

Because Herrera was punished in accordance with the plea agreement when he received deferred adjudication probation and the trial court did not fail to follow the plea agreement, we overrule his first point of error and affirm his conviction. We dismiss his remaining points of error for lack of jurisdiction.

---

**2.** We note that this contention is belied by the record. The "repeater" paragraph about which Herrera complains is an alternative pleading contained in the indictment.