**Eric ABRAHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–00–213–CR.**

Court of Appeals of Texas,
Corpus Christi—Edinburg.

Nov. 9, 2000.

William Edward May Jr., Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Corpus Christi, for state.

Before Chief Justice SEERDEN and Justices DORSEY and RODRIGUEZ.

**OPINION**

Opinion by Justice RODRIGUEZ.

Appellant, Eric L. Abraham, entered an agreed plea of guilty to the offense of possession of cocaine.[1] Pursuant to the plea bargain, the court placed Abraham on deferred adjudication for a period of three years. This did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. The State later moved to revoke, and the trial court ordered the term extended for an additional two years. Subsequently, the State filed a second motion to revoke and to adjudicate guilt. At the hearing, Abraham pleaded true to the allegations contained in the State's motion to revoke. On the basis of this plea, the trial court adjudicated Abraham guilty of possession of cocaine and sentenced him to one year state jail time. He filed a general notice of appeal.

---

1. *See* TEX. HEALTH & SAFETY CODE ANN. § 483.115(b) (Vernon Supp.2000).

Abraham raises a single issue on appeal, complaining he was denied due process at his revocation hearing because he did not receive credit for time served in jail or the benefit of a pre-sentence investigation report.

■ Before reaching its merits, we must first determine whether this Court has jurisdiction to consider the appeal. The State contends it should be dismissed for want of jurisdiction because it is an attempt to appeal from a plea-bargained conviction, and Abraham has not complied with any exception found in Texas Rule of Appellate Procedure 25.2(b)(3). We agree and dismiss for want of jurisdiction.

■ Rule 25.2(b)(3) provides that following an agreed plea of guilty, and where the punishment does not exceed that recommended by the prosecutor and agreed to by the defendant, a notice of appeal must specify that: (1) the appeal is for a jurisdictional defect; (2) the substance of the appeal was raised by written motion and ruled on before trial; or (3) state that the trial court granted permission to appeal. *See* TEX.R.APP. P. 25.2(b)(3). An appellant who has pleaded guilty in exchange for deferred adjudication must comply with rule 25.2(b)(3) when he seeks to appeal a subsequent adjudication and sentencing. *See Manuel v. State,* 994 S.W.2d 658, 660 n. 2 (Tex.Crim.App.1999) (applying former appellate rule 40(b)(1)); *Watson v. State* 924 S.W.2d 711, 714–15 (Tex.Crim.App. 1996) (same); *Vidaurri v. State,* 981 S.W.2d 478, 479–80 (Tex.App.-Amarillo 1998, pet. granted) (on issue of purported failure of trial court to afford defendant punishment hearing prior to sentencing, court held rule 25.2(b)(3) applied and general notice of appeal not sufficient to confer jurisdiction); *Okigbo v. State,* 960 S.W.2d 923, 925 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd) (applying rule 25.2(b)(3)). *But see Brunson v. State,* 995 S.W.2d 709, 712–13 (Tex.App.-San Antonio 1999, no pet.) (court addressed sufficiency of separate punishment hearing even though appellant had not complied with rule 25.2(b)(3)). We conclude rule 25.2(b)(3) applies to appellant.

Abraham asserts no jurisdictional defects. He does not contend that his appeal is from an issue raised by written motion and ruled on before trial. Further, Abraham's notice does not set out that the court granted him permission to appeal. He has not raised one of the three exceptions identified in rule 25.2(b)(3). Accordingly, we conclude this Court is without jurisdiction to consider this appeal, and dismiss it for want of jurisdiction.