NUMBER 13-00-213-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ERIC ABRAHAM
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Rodriguez



 Appellant, Eric L. Abraham, entered an agreed plea of guilty to the
offense of possession of cocaine.(1) Pursuant to the plea bargain, the
court placed Abraham on deferred adjudication for a period of three
years. This did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant. The State later moved to
revoke, and the trial court ordered the term extended for an additional
two years. Subsequently, the State filed a second motion to revoke and
to adjudicate guilt. At the hearing, Abraham pleaded true to the
allegations contained in the State's motion to revoke. On the basis of
this plea, the trial court adjudicated Abraham guilty of possession of
cocaine and sentenced him to one year state jail time. He filed a general
notice of appeal. Abraham raises a single issue on appeal, complaining
he was denied due process at his revocation hearing because he did not
receive credit for time served in jail or the benefit of a pre-sentence
investigation report.

 Before reaching its merits, we must first determine whether this
Court has jurisdiction to consider the appeal. The State contends it
should be dismissed for want of jurisdiction because it is an attempt to
appeal from a plea-bargained conviction, and Abraham has not complied
with any exception found in Texas Rule of Appellate Procedure
25.2(b)(c). We agree and dismiss for want of jurisdiction.

 Rule 25.2(b)(3) provides that following an agreed plea of guilty, and
where the punishment does not exceed that recommended by the
prosecutor and agreed to by the defendant, a notice of appeal must
specify that: (1) the appeal is for a jurisdictional defect; (2) the substance
of the appeal was raised by written motion and ruled on before trial; or
(3) state that the trial court granted permission to appeal. See Tex. R.
App. P. 25.2(b)(c). An appellant who has pleaded guilty in exchange for
deferred adjudication must comply with rule 25.2(b)(3) when he seeks
to appeal a subsequent adjudication and sentencing. See Manuel v.
State, 994 S.W.2d 658, 660 n. 2 (Tex. Crim. App. 1999) (applying former
appellate rule 40(b)(1)); Watson v. State 924 S.W.2d 711, 714-15 (Tex.
Crim. App. 1996) (same); Vidaurri v. State, 981 S.W.2d 478, 479-80
(Tex. App.--Amarillo 1998, pet. granted) (on issue of purported failure of
trial court to afford defendant punishment hearing prior to sentencing,
court held rule 25.2(b)(3) applied and general notice of appeal not
sufficient to confer jurisdiction); Okigbo v. State, 960 S.W.2d 923, 925
(Tex. App.--Houston [1st Dist.] 1998, pet. ref'd) (applying rule
25.2(b)(3)). But see Brunson v. State, 995 S.W.2d 709, 712-13 (Tex.
App.--San Antonio 1999, no pet.) (court addressed sufficiency of
separate punishment hearing even though appellant had not complied
with rule 25.2(b)(3)). We conclude rule 25.2(b)(3) applies to appellant.

 Abraham asserts no jurisdictional defects. He does not contend
that his appeal is from an issue raised by written motion and ruled on
before trial. Further, Abraham's notice does not set out that the court
granted him permission to appeal. He has not raised one of the three
exceptions identified in rule 25.2(b)(3). Accordingly, we conclude this
Court is without jurisdiction to consider this appeal, and dismiss it for
want of jurisdiction. 

 NELDA V. RODRIGUEZ

 Justice


Opinion ordered published.

Tex. R. App. P. 47.3.

Opinion delivered and filed

this the 9th day of November, 2000. 

1. See Tex. Health & Safety Code Ann. §483.115(b) (Vernon Supp.
2000).