NUMBER 13-01-010-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


GUADALUPE PINEDA TOVAR , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 156th District Court

of Bee County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Guadalupe Pineda Tovar, pleaded nolo contendere to the second degree offense of indecency with a child. (1) 
Pursuant to a plea bargain, the trial court placed Tovar on deferred adjudication community supervision for eight years. 
The State filed a motion to revoke Tovar's community supervision alleging he had (1) intentionally and knowingly
accompanied a person under the age of eighteen without parental presence and (2) failed to pay court ordered financial
obligations. Tovar pleaded "true" to failing to perform the financial obligations and "no contest" to accompanying someone
under the age of eighteen without parental presence. After a hearing on the State's motion to revoke, the trial court found
Tovar violated the terms and conditions of his community supervision. The court adjudicated Tovar guilty on the original
charge and sentenced him to seven years imprisonment and a fine of $5,000.00. He filed a general notice of appeal. Tovar
now contends the punishment assessed by the trial court during the sentencing phase of the trial was disproportionate to the
seriousness of the alleged offense, indecency with a child. (2) We dismiss for want of jurisdiction.

If appellant wished to appeal issues arising from the original proceeding in an appeal taken from that proceeding, he must
have done so at that time. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Because he waited until his
supervision had been revoked and his adjudication of guilt formally made, we are without jurisdiction to consider an appeal
from the original plea proceeding. Id. at 662. In addition, appellant may not raise issues regarding the revocation
proceeding at which his adjudication of guilt was formally made. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2001); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1, 2
(Tex. Crim. App. 1992).

Furthermore, the extra-notice requirements of the Texas Rule of Appellate Procedure 25.2(b)(3) apply to judgments
adjudicating guilt and assessing punishment, entered pursuant to plea agreements, after deferred adjudication has been
revoked. See Watson v. State, 924 S.W.2d 711, 713-14 (Tex. Crim. App. 1996). An appellant who has pleaded nolo
contendere in exchange for deferred adjudication must also comply with rule 25.2(b)(3) when he seeks to appeal a
subsequent adjudication and sentencing within the range allowed by law, as in this case. See Tex. R. App. P. 25.2(b)(3);
Manuel v. State, 994 S.W.2d 658, 660 n.2 (Tex. Crim. App. 1999) (applying former appellate rule 40(b)(1)); Watson, 924
S.W.2d at 714 (same); Okigbo v. State, 960 S.W.2d 923, 925 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd) (applying rule
25.2(b)(3)).

Recently, the Texas Court of Criminal Appeals held that rule 25.2(b)(c) limitations do not apply when one challenges the
process of sentencing following revocation of deferred adjudication and subsequent adjudication. See Vidaurri v. State,
No. 151-99, slip op. at 5, 2001 Tex. Crim. App. LEXIS 50, at *13 (Tex. Crim. App. June 20, 2001) (rule 25.2(b)(3)
limitations do not apply to challenge the process by which appellant was sentenced following revocation, i.e., deprivation
of separate punishment hearing, an issue "unrelated to conviction"); Brunson v. State, 995 S.W.2d 709, 712-713
(Tex.App.-San Antonio 1999, no pet.) (court addressed sufficiency of separate punishment hearing even though appellant
had not complied with rule 25.2 (b)(3)). Appellant does not challenge the process by which he was sentenced. He
complains only of the alleged disproportionate nature of his punishment to the offense. Furthermore, appellant's notice of
appeal does not specify that the appeal is for jurisdictional defects, from a ruling on a pretrial motion, or that the trial court
granted permission to appeal, as required by rule 25.2(b)(3). SeeTex. R. App. P. 25.2(b)(3).

Accordingly, we conclude we are without jurisdiction to consider this appeal. We dismiss this appeal for want of jurisdiction.



NELDA V. RODRIGUEZ

Justice

Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 12th day of July, 2001. 

1. See Tex. Pen. Code Ann. § 21.11 (Vernon Supp. 2001).

2. Tovar also contends that the allegations contained in the motion to revoke did not justify the court sentencing him to
seven years confinement in prison and the assessment of a $5000.00 fine. He provides us with no authority to support this
contention. See Tex. R. App. P. 38.1(h). We conclude this misdirected argument is waived.