Affirmed and Memorandum Opinion filed February 15, 2007








Affirmed
and Memorandum Opinion filed February 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01043-CR

____________

 

KENNETH WAYNE CELESTINE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1028921

 



 

M E M O R A N D U M   O P I N I O N








Kenneth Wayne Celestine appeals his conviction for the
felony offense of possession of a controlled substance weighing more than one
gram and less than four grams by aggregate weight, including any adulterants
and dilutants.  The case was enhanced by two prior felony convictions for drug
offenses.  After hearing the evidence, the jury found appellant guilty.  The
jury subsequently found both enhancement allegations to be Atrue@ and assessed
appellant=s punishment at confinement in the state penitentiary
for a term of 60 years.  In four points of error, appellant contends the trial
court erred in denying his objection to the introduction of the controlled
substance because it was obtained in violation of his rights guaranteed by (1)
the Fourth Amendment to the United States Constitution;[1]
(2) Article I, '9 of the Texas Constitution;[2]
and (3) Article 38.23 of the Texas Code of Criminal Procedure.[3] 
In a final point of error, appellant contends the trial court erred in
sustaining the State=s relevancy objection to appellant=s in-court
demonstration.  We affirm.

On May 31, 2005, the Houston Police Department assigned a
tactical unit to the 2600 block of Nagle in response to citizens= complaints about
narcotics activity in the area.  Officer  Dunn observed appellant and another
man make what appeared to be a hand-to-hand narcotics transaction.  At that
point, he radioed Officer Richard and Officer Helton to stop and detain both
men.  Richard and Helton drove their marked patrol car onto Nagle and stopped
behind appellant and the other man.  While he patted down the other man,
Richard observed appellant walk away from Helton and toss a white cigarette
package to the ground.  Helton stopped and handcuffed appellant, picked up the
discarded package, did a pat down of appellant, and then placed him into the patrol
car.  After running an outstanding warrants check on the other man, the
officers allowed him to leave.  








Richard and Helton opened the cigarette package and saw
what they believed were nine small zip-lock packets of illegal drugs.  They
radioed Dunn about the arrest, and contacted Officer Bearden of the Narcotics
Division to meet them at the substation.  The substance field tested positive
for heroin.  Bearden sent the evidence to the crime lab.  Criminalist Dennis
Green weighed the substance, which totaled 1.5 grams.[4] 
Green ran several tests and determined the substance was, in fact, heroin. 

 

In his
first point of error, appellant contends he was illegally seized by the
officers, causing the heroin to be involuntarily abandoned and, thus, under the
Fourth Amendment, inadmissible at trial.  An appellate court will reverse a
trial court's decision to admit evidence only for an abuse of discretion.  Green
v. State, 191 S.W.3d 888, 895 (Tex. App.CHouston [14th Dist.] 2006, pet.
ref'd).  The abuse of discretion standard requires an appellate court to uphold
a trial court's admissibility decision when that decision is within the zone of
reasonable disagreement.  Robbins v. State, 88 S.W.3d 256, 260 (Tex.
Crim. App. 2002).  

When the
police take possession of abandoned property, there is no seizure under the
Fourth Amendment.  Clapp v. State, 639 S.W.2d 949, 953 (Tex. Crim. App.
1982).  However, the property must be freely and voluntarily abandoned, not
abandoned in response to any illegal police activity.  Comer v. State,
754 S.W.2d 656, 658B59 (Tex. Crim. App. 1986) (op. on reh=g).  If a police officer observes an
individual breaking the law, the officer may stop or arrest the individual
without a warrant.  Tex. Code Crim.
Proc. Ann. art. 14.01(b) (Vernon 2005).  Texas law requires a person to
walk on a sidewalk where one is available.  Tex.
Transp. Code Ann. ' 552.006 (Vernon Supp. 2006).  Littering
also violates Texas law.  Tex. Health
& Safety Code Ann. ' 365.012 (Vernon Supp. 2006).  








Here, Officers Richard and Helton observed appellant
walking down the middle of the street where there was a sidewalk available.  As
appellant walked past the patrol car, he threw a cigarette package down in the
street, violating the anti-littering laws.  Richard and Helton stopped appellant
and  recovered the cigarette package containing heroin.  Regardless of any
subjective motives the officers might have had, the police are free to stop
individuals who are violating laws.  Magic v. State, 878 S.W.2d 309, 313
(Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  The officers
observed appellant violate at least two statutes, therefore, the officers could
legally detain or arrest him.

Appellant relies on three Texas Court of Criminal Appeals
cases in support of his theory of involuntary abandonment.  See, Comer,
754 S.W.2d at 656; Hawkins v. State, 758 S.W.2d 255 (Tex. Crim. App.
1988); and Salcido v. State, 758 S.W.2d 261 (Tex. Crim. App. 1988). 
However, in all three cases, the defendants abandoned the contraband after
being illegally detained.  An arrest requires physical force or
submission to the assertion of authority.  California v. Hodari D., 499
U.S. 621, 626 (1991).  Here, there was no temporary detention or seizure until
after appellant had abandoned the cigarette package.  If a suspect has not been
Aseized@ within the
meaning of the Fourth Amendment before he drops the contraband, then the
contraband may be lawfully recovered by the police and offered as evidence
against the accused.  Id. at 624; see also, Johnson v. State,
912 S.W.2d 227, 235B36 (Tex. Crim. App. 1995) (holding
appellant not seized until he yielded to a show of authority by law enforcement
officers).  The record reflects appellant ignored Helton=s order to stop
and then threw the cigarette package away.  Helton=s command is of no
consequence.  A verbal order to stop, unaccompanied by submission or actual
force, does not constitute a seizure.  Hodari D., 499 U.S. at 627;
Crawford v. State, 932 S.W.2d 672, 674 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d).  We find there was no seizure of
appellant prior to his abandoning the cigarette package and, thus, the
abandonment was voluntary, and the evidence was admissible.  We overrule
appellant=s first point of error.








In his second point of error, appellant presents the same
argument, but seeks relief under the Texas Constitution.  An appellant claiming
relief under both the federal and state constitutions must Aanalyze, argue, or
provide authority to establish that his protection under the Texas Constitution
exceeds or differs from that provided to him by the Federal Constitution.@  Arnold v.
State, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993).  If the appellant does not
provide sufficient distinctions between the state and federal grounds, the
reviewing court need not address appellant=s state
constitutional argument.  Chilman v. State, 22 S.W.3d 50, 54 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d).  Here, appellant does not analyze,
argue, or provide authority to establish his protection under the Texas
Constitution exceeds or differs from the protection provided to him by the
United States Constitution.  Accordingly, we overrule appellant=s second point of
error.

In his third point of error, appellant argues the trial
court erred in overruling his objection to the introduction of the controlled
substance because his rights were violated under Article 38.23 of the Code of
Criminal Procedure.  The exclusionary language of article 38.23 (a)[5]
applies only if an officer or other person obtains evidence in violation of
either the constitutions or the laws of the United States or the State of
Texas.  Owens v. State, 861 S.W.2d 419, 421 (Tex. App.CDallas 1993, no
pet.).  Having found the police acted lawfully and did not violate the United
States Constitution or any laws, we find article 38.23 (a) does not apply, and
we overrule appellant=s third point of error.








In his fourth point of error, appellant argues the trial
court erred in sustaining the State=s relevancy
objection to his in-court demonstration and excluding it from evidence.  Case
law generally focuses on whether the demonstration is substantially similar to
the event.  Wright v. State, 178 S.W.3d 905, 919 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d). The proponent of the demonstration must
show the conditions under which the demonstration is conducted are sufficiently
similar to the event in question.  Id.  It is not essential that the
conditions of the demonstration be identical; dissimilarities go to weight and
not to admissibility.  Id.  All parts of the demonstration must be
supported by the evidence or testimony.  Id.  

Here, appellant attempted to do an in-court demonstration,
using a scale to weigh the packets of heroin, presumably to show a discrepancy
in the official weight calculation and the weight at trial.  Appellant asked
the State=s witness, criminalist Green, if the scale was the
same type as used in the crime lab.  Green never answered.  He only stated it
was a Ohaus Ranger scale made in Germany.  Green further testified he was not
familiar with that type of scale; thus, the court could infer this was not the
type of scale Green used in the lab.  Green also testified he did not know if
the scale worked because it would not turn off and it measured in pounds, not
grams.  He also stated he had no record of its calibration.

Our review of the trial court=s exclusion of
experiments is limited to whether the court abused its discretion in denying
the demonstration.  Ginther v. State, 706 S.W.2d 115, 119 (Tex. App.CHouston [1st
Dist.] 1986, pet. ref=d).  Review of trial court rulings on
demonstrations depends on the facts of the case.  Wright, 178 S.W.3d at
920.  We find the trial court did not abuse its discretion in excluding the
in-court demonstration because appellant failed to show the conditions or the
equipment were substantially similar to what was used by Green in the crime lab. 
Even if appellant is correct in his assertion that the scale was Aa good brand,@ he failed to
prove by evidence or testimony that the scale was calibrated correctly and
weighed accurately.  Therefore, we overrule appellant=s fourth point of
error.

The judgment of the trial court is affirmed.

 

 

/s/      J. Harvey Hudson

Justice

 

Judgment rendered
and Memorandum Opinion filed February 15, 2007.

Panel consists of
Justices Anderson, Hudson, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  U.S. Const.
amend. IV.





[2]  Tex. Const.
art. I, ' 9.

In the trial below, defense counsel
objected to the seizure, citing Article I, '10
of the Texas Constitution.  Tex. Const.
art. I, ' 10.  Because appellant=s issues relate to seizures, we presume appellant=s  objection and the reference in the brief were
intended to be to Article I ' 9.





[3]  Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).





[4]  Green weighed the packets together, then emptied one packet and weighed
the single empty packet.  He multiplied the weight of the empty packet by nine
and subtracted it from the total weight of the heroin and packets, leaving 1.5 grams of substance.





[5]   Article 38.23 in the pertinent part reads:

   (a) No
evidence obtained by an officer or other person in violation of any provisions
of the Constitution or laws of the State of Texas, or of the Constitution or
laws of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.  

   In any
case where the legal evidence raises an issue hereunder, the jury shall be
instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such
event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann.
art. 38.23 (a)