



# MEMORANDUM OPINION

No. 04-12-00074-CR

Paul Jay **HENGEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 4414
Honorable N. Keith Williams, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:      Karen Angelini, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  November 14, 2012

AFFIRMED

Appellant Paul Jay Hengel was sentenced to fourteen years confinement after the trial court determined he violated several conditions of his deferred adjudication community supervision. On appeal, Hengel contends the trial court erred in sentencing him without first conducting a separate punishment hearing. We affirm the trial court's judgment.

**BACKGROUND**

Pursuant to a plea agreement, Hengel pled guilty to the offense of sexual assault. The trial court deferred a finding of guilt and placed Hengel on community supervision for ten years. Later, the State filed a motion to adjudicate, alleging Hengel had violated various terms of his community supervision. Hengel pled true to two alleged violations, but not true to the others.

After an evidentiary hearing, the trial court found the State's allegations true, adjudicated Hengel guilty, and immediately proceeded to sentence Hengel to fourteen years confinement. The trial court did not conduct a separate punishment hearing.

Hengel filed a motion for new trial. The motion was denied, and Hengel perfected this appeal.

**ANALYSIS**

Hengel raises a single issue on appeal, contending the trial court erred in assessing punishment without first holding a separate punishment hearing. Hengel asserts the failure to hold a separate punishment hearing deprived him of the right to present mitigating evidence. Hengel argues the trial court's failure to hold a separate punishment hearing violated Article 42.12, section 5(b) of the Texas Code of Criminal Procedure ("the Code").

Article 42.12, section 5(b) of the Code entitles a defendant to a punishment hearing after an adjudication of guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012); *see Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). Additionally, Article 37.07 of the Code requires a trial court to "afford a defendant the opportunity to present evidence regarding punishment after it has found the particular defendant guilty." *Borders v. State*, 846 S.W.2d 834, 835-36 (Tex. Crim. App. 1992); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07. Accordingly, Hengel is correct that the proper procedure requires the trial court to conduct a separate

punishment hearing before sentencing. *See Issa*, 826 S.W.2d at 161 (holding when trial court finds accused has committed violation of probation and adjudicates previously deferred finding of guilty, trial court must conduct second phase of trial to determine punishment); *Duhart v. State*, 668 S.W.2d 384, 387 (Tex. Crim. App. 1984) (same). However, the State contends Hengel failed to preserve this issue for appellate review. We agree.

Contrary to Hengel's apparent argument, *Issa* does not stand for the proposition that a defendant has an absolute right to a separate punishment hearing. *See Hardeman*, 1 S.W.3d at 690. Rather, a separate punishment hearing is a statutory right that can be waived unless it is preserved. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). A defendant preserves error on the denial of a request for a separate punishment hearing by raising the issue through an objection at the time of the denial, or in the absence of an opportunity to object, by raising the issue in a motion for new trial. *Issa*, 826 S.W.2d at 161; *see also Vidaurri*, 49 S.W.3d at 886; *Brunson v. State*, 995 S.W.2d 709, 713 (Tex. App.—San Antonio 1999, no pet.).

Here, the trial court, at the end of the hearing on the State's motion to adjudicate, stated:

> Okay, Mr. Hengel, the Court, having found true to the allegations and having adjudicated guilty for the underlying offense, and in light of all the evidence, I'm going to sentence you to 14 years in the TDCJ Institutional Division, and I will remand you to the custody of the Kendall County Sheriff's Department to await transfer.

When the trial court made this pronouncement, Hengel did not object to the failure to hold a separate punishment hearing. And, even if this pronouncement is considered "one proclamation," leaving Hengel with no opportunity to object, we note that Hengel did not raise this specific issue in his motion for new trial. Rather, in his motion for new trial he stated generally that he was entitled to a new trial because "[t]he judgment and verdict in this cause is contrary to the law and the evidence." This general contention is insufficient to preserve the

error.  *Lopez v. State*, 96 S.W.3d 406, 414 (Tex. App.—Austin 2002, pet. ref'd); *Brunson*, 995 S.W.2d at 713 n.4; *Salinas v. State*, 980 S.W.2d 520, 521 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

Accordingly, we hold Hengel failed to preserve for appellate review his complaint about the lack of a separate punishment hearing.  We overrule his issue.

CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish